DURANT MIN. CO. v. PERCY CONSOL. MIN. CO.

(Circuit Court of Appeals, Eighth Circuit. March 20, 1899.)

No. 1,116.

1. TRESPASS ON MINING PROPERTY—INTENT—MEASURE OF DAMAGES.
   While one who willfully and intentionally takes ore from another's mine is not entitled to deduction from the value thereof for labor bestowed, where the taking was inadvertent, and under an honest mistake as to the ownership of the land, only the value of the property in its original place can be recovered.

2. SAME—BOUNDARY LINE—DISCOVERY—NEGLIGENCE.
   Where a trespasser on land of another fails to use ordinary care to ascertain the boundary line between his land and that on which he entered, the jury may infer that the trespass was intentional.

3. SAME—INSTRUCTIONS.
   Where the evidence as to defendant's intent in taking ore from another's land adjoining his mine was conflicting, an instruction that, if defendant had been negligent in failing to discover the location of his property, he was estopped to say that the taking was not willful or intentional, was erroneous.

4. REVIEW—ERROR—PRESUMPTION OF PREJUDICE.
   An erroneous instruction is presumed to be prejudicial, and is not cured by a correct direction in another part of the charge.

5. SAME.
   A general verdict on an erroneous instruction cannot stand, where there are two theories on which the jury might have found it, under one of which the instruction was harmless, while under the other it was error, since error is presumed to be prejudicial, and it cannot be said on which theory the verdict was based.

6. MINES AND MINERALS—EVIDENCE.
   In an action for taking ore from another's mine, evidence that an unknown person, after the commencement of the suit, took out ore, was not competent to prove defendant's trespass to have been willful.

In Error to the Circuit Court of the United States for the District of Colorado.

The La Salle and the Stilwell lode mining claims joined each other. The Durant Mining Company, a corporation, the plaintiff in error, and the owner of the Stilwell claim, removed some ore from a stope many hundred feet beneath the surface of the earth, which proved to be on the line between the two claims, so that about 43 per cent. of the ore taken from it was on the La Salle claim. The Percy Consolidated Mining Company, a corporation, and the owner of $^{31}/_{32}$ of the La Salle claim, sued the Durant Company for willfully and intentionally extracting ores from its claim of the value of $50,000. The Durant Company denied that it had taken any ore belonging to the Percy Company, denied the charge of willful trespass, and alleged that, if it had extracted any ore from the La Salle claim, it had done so inadvertently, and in the honest belief that it was mining on its own ground. On the trial it was conceded that the Durant Company had taken valuable ores from the La Salle claim, but it insisted that it had done so believing that it was its own ore, and the evidence on the question whether the trespass was inadvertent or intentional was so conflicting that it would have sustained a verdict either way. The jury found a general verdict for the defendant in error for $11,431.25, and the testimony relative to the value of the ores removed disagrees to such an extent that it is not possible to determine from the verdict whether the trespass was willful or innocent. It is the judgment upon this verdict that has been removed by the writ of error.

Charles J. Hughes, Jr., for plaintiff in error.

W. H. Bryant and William O'Brien (C. S. Thomas and H. H. Lee, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge (after stating the facts as above). One who unintentionally, and in the honest belief that he is lawfully exercising a right which he has, enters upon the property of another and removes his ore, his timber, or any other valuable appurtenant to his real estate, is liable in damages for the value of the ore, timber, or other thing in its original place, and for no more. He may limit the recovery of the owner by deducting from the value of the ore at the mouth of the shaft the cost of mining and transporting it to that point; and from the value of the timber at the boom, the cost of cutting, hauling, and driving it to that locality. But one who willfully and intentionally takes ores, timber, or other property from the land of another must respond in damages to him for the full value of the property taken, at the time of his conversion of it, without any deduction for the labor bestowed or expense incurred in removing and preparing it for the market. It is the duty of every one to exercise ordinary care to ascertain the boundaries of his own property, and to refrain from injuring the property of others; and a jury may lawfully infer that a trespasser had knowledge of the right and title of the owner of the property upon which he entered, and that he intended to violate that right, and to appropriate the property to his own use, from his reckless disregard of the owner's right and title, or from his failure to exercise ordinary care to discover and protect them. Wooden-Ware Co. v. U. S., 106 U. S. 432, 1 Sup. Ct. 398; Benson M. & S. Co. v. Alta M. & S. Co., 145 U. S. 428, 12 Sup. Ct. 877; Cheesman v. Shreeve, 40 Fed. 787; Mining Co. v. Turck, 17 C. C. A. 128, 70 Fed. 294, 301; Whitney v. Huntington, 37 Minn. 197, 33 N. W. 561;

King v. Merriman, 38 Minn. 47, 35 N. W. 570; Stockbridge Iron Co. v. Cone Iron Works, 102 Mass. 86, 89; St. Clair v. Milling Co., 9 Colo. App. 235, 47 Pac. 466; Dyke v. Transit Co. (Sup.) 49 N. Y. Supp. 180; Hartford Iron Min. Co. v. Cambria Min. Co., 93 Mich. 90, 53 N. W. 4; Warrior Coal & Coke Co. v. Mabel Min. Co., 112 Ala. 624, 20 South. 918; Ross v. Scott, 15 Lea, 479; Hilton v. Woods, L. R. 4 Eq. 441; Refining Co. v. Tabor, 13 Colo. 41, 21 Pac. 925; United Coal Co. v. Canon City Coal Co., 24 Colo. 116, 48 Pac. 1045.

No controversy has arisen over these principles. They are stated to call to mind the rules by which the questions presented must be answered. The complaint here is that the court below went further, and instructed the jury that, if the plaintiff in error was guilty of negligence in discovering the line between its claim and that of the defendant in error, they not only might, but must, find that its trespass was willful and intentional. The portion of the charge against which this criticism is leveled reads in this way:

"In addition to what I said on the subject of knowledge, if there was a lack of diligence on the part of the defendant company in ascertaining the location of the line, upon that you may say— That is, if there was negligence in ascertaining the fact, you may say they should be charged with the value of the ore at the mouth of the pit, without reference to the cost of mining and transporting to that place. It is the duty of one who carries on work in his own territory to ascertain the location of his lines. That duty is so strong upon him, if he fails in that respect he is not at liberty to say that he was negligent, or that it was not willful or intentional, and therefore he ought not to be charged more heavily than would be the case if he had exercised proper care and diligence to ascertain where his line is."

Now every trespass upon the land of another that is not willful and intentional necessarily implies some degree of negligence (Coal Co. v. McMillan, 49 Md. 549, 559); and a rule which makes the negligent failure to discover the line of the property trespassed upon conclusive evidence of intentional trespass removes all room for the defense of inadvertence and honest mistake. The logical and necessary effect of that portion of the charge of the court which we have quoted was to deprive the trespasser of the defense that its acts were unintentional and innocent. It declared that the mere failure to ascertain the true line between the claim of the Durant Company and that of the Percy Company was the legal equivalent of knowledge of that line, and of willful intent to cross it, and was conclusive proof of a willful and intentional trespass. If this were a true statement of the law, there never could be an inadvertent and unintentional trespass, for the essential attribute of such a trespass is an innocent failure to know the true line. If there can be no innocent failure, if every failure to find the line is evidence of a willful and intentional trespass, then every trespasser is guilty of a willful trespass, and liable for the full value of the property which he takes, at the time of its conversion, without any deduction for the cost of removing and preparing it for the market. But this is not the law. The only issue in this case, aside from that which arose from the varying estimates of the amount of ore taken, and of the cost of mining it, was whether the taking was willful or inadvertent. This was an issue upon which, under the rules and authorities to which we have referred, the de-

fendant in error was entitled to the finding of the jury. The testimony upon it was voluminous and conflicting, and the effect of the charge was to entirely withdraw it from the consideration of the jury. We are unable to escape from the conclusion that this was a serious error. It is probable that the mistake in this charge arose from the inadvertent application of the rule relative to the ascertainment of the line between properties in actions of trespass or ejectment, in which the lowest measure of damages only is sought, and therefore intent is not material, to this case, in which a higher measure is sought, and the intent became the chief element of the controversy. Where no claim is made for larger damages than the value of the ore or other property taken, in its original place, it is of no importance whether or not the trespass was mistaken. It is no defense in such a case that the defendant carelessly or otherwise failed to discover his line. He is liable for the lowest measure of damages in any event, whether he knew where his line was or not, and whether his trespass was willful or innocent. In such a case the charge here criticised would not have been improper. Maye v. Yappen, 23 Cal. 306, 307. But in the case at bar it erroneously withdrew the chief defense in mitigation of damages which the plaintiff in error had interposed, and upon which it was entitled to the verdict of the jury.

It is contended that this error is cured because in other portions of the charge the court submitted to the jury the question whether the trespass was willful or inadvertent, and instructed them that their decision of this question would determine whether, in estimating the damages, the cost of mining and transporting the ore should be deducted from its value at the mouth of the shaft. There are two answers to this argument: In the first place, the court had already told them that they must find that the trespass was willful, since it had informed them that, if the plaintiff in error had failed to discover its line, it could not be heard to say that its trespass was not willful, and it was conceded on the trial that it had failed to find the true line; and, in the second place, if this had not been so, the two portions of the charge would have been inconsistent and contradictory, and it would be impossible to determine which the jury followed. The presumption is that error produces prejudice, and the vice of an erroneous instruction is not extracted by a correct direction upon the same subject in another part of the charge. Railway Co. v. Needham, 3 C. C. A. 129, 147, 52 Fed. 371, and 10 U. S. App. 339.

It is said that the error probably produced no prejudice, because there is sufficient evidence to sustain the verdict on the theory that the trespass was not intentional. But, on the other hand, there is ample evidence to sustain it on the ground that the trespass was willful. The verdict is general, and we cannot tell on which basis it was rendered. A general verdict on an erroneous instruction cannot stand, where there were two theories on which the jury might have found it, and under one of which the instruction was harmless, while under the other it was error, because the presumption from error is prejudice, and the court cannot say upon which theory the verdict stands. Lyon, Potter & Co. v. First Nat. Bank, 29 C. C. A. 45, 85 Fed. 120, and 55 U. S. App. 747, 757; Coal Co. v. Johnson, 6 C. C. A.

148, 56 Fed. 810, and 12 U. S. App. 490, 495; Railway Co. v. Needham, 11 C. C. A. 56, 63 Fed. 107, and 27 U. S. App. 227, 237.

The conclusion at which we have arrived renders it unnecessary to consider the other assignments of error in this case. We may remark, however, for the guidance of the court below in the subsequent trial of this case, that the evidence that some ore was taken from the La Salle mine by some unknown person at some time after the commencement of this suit does not appear to us to be competent evidence of the evil intent of the plaintiff in error in committing the trespass charged in the complaint.

There was no error, in our opinion, in refusing to instruct the jury to deduct from the value of the ore the expense of running the cross-cuts or the tunnel in order to reach it. The judgment is reversed, and the case is remanded to the court below with instructions to grant a new trial.