## GENTRY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 21, 1900.)

No. 1,261.

1. JUDGMENTS—CONFORMITY TO PLEADINGS—DEPARTURE FROM ISSUES.

A complaint by the United States, in conversion, for the recovery of $5,000, as the value of 500,000 feet of lumber alleged to have been taken by defendants from public lands, will not support a judgment for the possession by the plaintiff of 540,000 feet of lumber and a number of logs, stated in the charge of the court, but not shown by the evidence, to be in the custody of the marshal under a writ of replevin issued in the case, and shown by the evidence to be of the value, in its manufactured state, of over $40,000.

2. PUBLIC LANDS—CONVERSION OF TIMBER—ACTION FOR DAMAGES.

In an action by the United States for the conversion of timber alleged to have been cut from public lands, in which the defendants seek to justify the cutting under the act of June 3, 1878 (20 Stat. 88), authorizing the cutting and removal of timber from mineral lands for certain purposes, they are entitled, upon proper evidence, to have submitted to the jury the question whether the cutting was done in good faith, in the honest belief that they were exercising a lawful right; and in case such issue is found in their favor their liability, if found liable, is limited to the value of the timber in its original place.

In Error to the District Court of the United States for the District of Colorado.

Clyde C. Dawson (Charles D. Hayt and Earl M. Cranston, on the brief), for plaintiff in error.

Greeley W. Whitford and T. E. McClelland, for the United States.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. One may not bring a suit for one cause of action, and recover judgment for another. A court can consider only what is in issue under the pleadings. Averments without proofs, and proofs without averments, are unavailing. The judgment may not go beyond a determination of the issues presented by the pleadings, nor beyond the scope and object of the prayers they contain. These are axioms in the law of pleading and practice. They rest upon the basic principles of our jurisprudence, that no man shall be deprived of his life, liberty, or property without due process of law; and due process of law must give to the parties to be affected an opportunity to be heard respecting the justice of the judgment sought. It must be one which gives notice of the issue to be determined, which hears before it condemns, proceeds upon inquiry, and renders judgment only after trial. Burton v. Platter, 10 U. S. App. 657, 663, 4 C. C. A. 95, 99, 53 Fed. 901, 905; Taussig's Ex'rs v. Glenn, 4 U. S. App. 524, 541, 2 C. C. A. 314, 318, 51 Fed. 409, 413; Merrill v. Rokes, 12 U. S. App. 183, 188, 4 C. C. A. 433, 435, 54 Fed. 450, 452; Live-Stock Co. v. Blackburn, 30 U. S. App. 571, 579, 17 C. C. A. 532, 536, 70 Fed. 949, 954; Wood v. Collins, 23 U. S. App. 224, 230, 8 C. C. A. 522, 525, 60 Fed. 139, 142.

The judgment in this case violates all these rules. The suit was an action of conversion brought by the United States against the

plaintiff in error, James C. Gentry, and another, henceforth called the "defendants." The complaint consisted of three counts. In the first the plaintiff, the United States, alleged that the defendants had cut down and carried away from the land of the United States yellow pine and spruce trees sufficient to make 500,000 feet of lumber, which was worth $5,000; that this lumber was the property of the United States; and that the defendants had converted it to their own use, to the damage of the plaintiff in the sum of $5,000. In the second the plaintiff alleged that in September, 1898, it was the owner and in possession of 500,000 feet of wood, board measure, of the value of $5,000, and that the defendants took the same from the plaintiff's possession and converted it to their own use, to the damage of the plaintiff in the sum of $5,000. In the third count it alleged that in June, 1898, it was the owner of 500,000 feet of wood, of the value of $5,000, and entitled to the immediate possession of the same, but that defendants were in possession thereof, and thereupon converted the same to their own use, to the damage of the plaintiff in the sum of $5,000. The prayer of the complaint was for judgment against the defendants for $5,000, with legal interest thereon from the 22d day of September, 1898, and for the costs of the action. The defendants denied the allegations of the complaint, and the defendant Gentry further answered that the three causes of action set forth in the plaintiff's complaint all related to one supposed cutting and conversion of timber; admitted that he had cut certain timber and trees, sufficient to make about 500,000 feet, board measure, of lumber; and justified his cutting under the act of June 3, 1878 (20 Stat. 88), which provides that citizens of the United States who are bona fide residents of the states of Colorado and Nevada, and of certain territories and mineral districts of the United States "are hereby authorized and permitted to fell and remove, for building, agricultural, mining, or other domestic purposes, any timber or other trees growing or being on the public lands, said lands being mineral, and not subject to entry under existing laws of the United States, except for mineral entry, in either of said states, territories or districts of which such citizens or persons may be at the time bona fide residents, subject to such rules and regulations as the secretary of the interior may prescribe for the protection of the timber and of the undergrowth growing upon such lands, and for other purposes." He further alleged in his answer that the possession of the unsold lumber made by him from the timber which he had cut had been taken from him under a supposed writ of replevin issued in this case, and prayed that he might go hence without day, and might have judgment for the possession of the lumber taken by the officers of the court. The United States filed a replication in which it denied all the averments of this answer, including the allegation that a writ of replevin had been issued in this case, and that the property had been taken from the defendant thereunder; and it again prayed for judgment for $5,000, interest, and costs, on account of the conversion. There is a bill of exceptions in the record, which purports to contain all the testimony. There is no evidence in this bill that any writ of replevin was ever issued, or that any property was ever taken thereunder. There is in

the record preceding the bill of exceptions the copy of an affidavit in replevin, of a writ in replevin, and of a return thereon; but these copies are not material to the determination of this case, nor can they be considered a part of the evidence herein, because they were not introduced in evidence, and do not constitute a part of the bill of exceptions, because there is no evidence that any of the property referred to in the pleadings was taken under this writ, and the writ itself was issued without authority and in violation of the statutes and practice of Colorado. No writ of replevin may be issued under the Code of Colorado until an action in claim and delivery is com-menced by the filing of a complaint which alleges the right of the plaintiff to the possession of personal property, and claims the de-livery thereof (Mills' Ann. Code, §§ 79, 80), and no such action was commenced or complaint filed.

In the course of the trial the defendants introduced evidence which tended to show that the lands from which they cut the timber had been located as mineral claims under the acts of congress; that these claims were in existence, and had not been abandoned; that the lands were mineral in character; and that the defendant Gentry had cut the timber from them under contracts or permits from the lo-cators of the mineral claims for the purposes specified in the act of June 3, 1878, although he failed to show that he had strictly com-plied with all the rules and regulations which the secretary of the interior had prescribed for the protection of the timber and of the undergrowth under that act. If he was guilty of trespass in taking the timber, there was ample evidence in the case to raise the ques-tion whether he had taken it unintentionally and in the honest be-lief that he was lawfully exercising a right which he had, or with the willful intention to take property to which he knew he had no right. There was evidence in the case that the value of the stand-ing timber was $1 per 1,000, while that of the lumber after the de-fendant had manufactured it into boards was $8 per 1,000.

At the close of the trial the opening address of counsel for the United States to the jury was in these words:

"Gentlemen of the jury: These defendants are charged in the complaint in this case with having cut down 500,000 feet of timber from the lands be-longing to the government. The value of the lumber made from this timber is alleged to be $5,000, and we ask you to return a verdict for this sum. This is all the plaintiff cares to say in the opening."

At the close of the arguments, counsel for the defendants request-ed the court to instruct the jury that, if they believed that the de-fendants were liable in the action, yet if they further believed from the evidence that the trespass committed by them was unintentional on their part, then the measure of damages would be the value of the lumber, less the value of the labor and expenditure the defendants had added thereto. But the court refused to give this instruction, and instructed the jury that after the complaint was filed in this case the government took out a writ of replevin for certain lumber alleged to have been made from the timber mentioned in the com-plaint, and took possession of 539,905 feet of lumber and 300 logs, according to the return of the marshal; that the government was

entitled to recover this timber which was in the possession of the marshal, and the value of such timber as the defendants sold. Pursuant to this instruction, the jury returned a verdict that the lumber in the possession of the United States marshal was the property of the United States, and that they found the issues joined in this case for the plaintiff, and fixed its damages at $21.50. The judgment was that the United States recover of the defendant Gentry $21.50 and costs; that the United States recover from said Gentry the lumber cut from the public land, and taken by the marshal in replevin, as shown by the return of the marshal on said writ of replevin; and that the net proceeds of said lumber should be paid into the treasury of the United States. A more flagrant violation of the rule that a judgment must be according to the allegations and the proofs would be difficult to imagine. The action was for the conversion of 500,000 feet of lumber, and the recovery sought was $5,000 damages for the conversion. If, as the plaintiff alleged, the lumber had been converted by the defendants to their own use, and the plaintiff was entitled to damages for that conversion, its right and title to the lumber were gone, and it had no right to its possession. The verdict and judgment are utterly inconsistent with the averments and prayer of the complaint. The complaint was for the recovery of $5,000 damages for the conversion of 500,000 feet of lumber. The verdict and judgment are for the recovery of the defendant Gentry of 539,905 feet of lumber and 300 logs,—an amount of lumber far in excess of that in controversy under the pleadings. Neither the pleadings, nor the course of the evidence at the trial, nor the opening address of the counsel for the government to the jury, gave any notice to the defendants that this action had been brought by the government to recover the possession of this 539,905 feet of lumber and these 300 logs. The issue they were called into court to try was whether or not they were liable to pay $5,000 damages for the conversion of 500,000 feet of lumber. Upon that issue they presented their evidence. Under that evidence they were entitled to an instruction to the jury that if they believed that the defendants had cut and taken this timber unintentionally, and in the honest belief that they were lawfully exercising a right which they had, they were liable in damages for the value of the timber in its original place, or in this case for $1 per 1,000 feet, and for no more. Wooden-Ware Co. v. U. S., 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230; Benson M. & S. Co. v. Alta M. & S. Co., 145 U. S. 428, 12 Sup. Ct. 877, 36 L. Ed. 762; Durant Min. Co. v. Percy Consol. Min. Co., 35 C. C. A. 252, 254, 93 Fed. 166, 168, and cases there cited. Under the charge of the court they were deprived of this instruction, and the right of Gentry to the 539,905 feet of boards and the 300 logs seized under the unauthorized writ of replevin was foreclosed, without any pleading or issue concerning them, and without any opportunity on his part to obtain any allowance for the labor he had bestowed and the expense he had incurred in preparing this lumber for market, if, as he claims, he cut and removed it in the honest belief that he had the right to do so. The proceeding which resulted in this judgment was not pursued in the ordinary manner prescribed by the law. The judgment was not.

in accordance with the averments of the complaint or with the proofs in the record, and it does not conform to the scope and object of the prayer in the plaintiff's pleading. The facts indispensable to the maintenance of the judgment are fatal to the claim presented by the complaint, and they were not in issue in this case. The judgment must be reversed, and the case remanded to the court below, with directions to grant a new trial.