STUBBS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 14, 1900.)

No. 1,328.

PUBLIC LANDS—PROSECUTION FOR CUTTING TIMBER—INSTRUCTION BASED ON MISTAKE AS TO LAW IN FORCE.

Defendant was prosecuted by information charging him with cutting timber on nonmineral public lands situated in Colorado. The court tried the case upon the theory that the information was based on section 4 of Act June 3, 1878 (20 Stat. c. 151), which prohibits the cutting of timber for sale or export upon any of the public lands in certain designated states and territories, and instructed the jury that under the evidence it was immaterial whether the lands from which the cutting was done were mineral or nonmineral. Such statute in fact is not applicable to the state of Colorado, but under Act June 3, 1878 (20 Stat. c. 150), authorizing citizens and bona fide residents to cut timber for certain purposes from mineral lands in accordance with prescribed regulations, which is in force in that state, defendant was entitled to show as a defense that his cutting, was in accordance with such act and the regulations made thereunder, and some evidence was introduced tending to sustain such defense. *Held*, that the court's instruction, having been based on a mistaken view of the law applicable to the case, and not upon the evidence, was erroneous, and required a reversal of the judgment, where no question as to the sufficiency of the evidence to warrant the submission of the issue to the jury was made by either party, and the record did not show that all the evidence was contained therein.

Sanborn, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Colorado.

Reese McCloskey, Charles Hartzell, and George P. Steele, for plaintiff in error.

Greeley W. Whitford, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The United States district attorney, by leave of the court, filed a criminal information against Frank W. Stubbs, the plaintiff in error, and others, for cutting timber on nonmineral public lands. The defendant Stubbs was convicted, and brought the case into this court by writ of error. In its charge the court said to the jury:

"I failed to instruct you that under the evidence in this case it is not important whether this land be mineral or nonmineral. If the defendant is guilty in one case, he is guilty in the other. If innocent in the one, he is innocent in the other. So you need not consider the mineral character of this land, as affecting the question."

Due exception was taken to this charge, and this is the only assignment of error we need consider.

This prosecution was in the state of Colorado, and the law relating to cutting timber on the public lands is exceptional in that and some other mining states. By the act of June 3, 1878, entitled "An act authorizing the citizens of Colorado, Nevada and the territories to fell and remove timber on the public domain for mining and domestic purposes" (20 Stat. 88, c. 150, § 1), it is provided:

"That all citizens of the United States and other persons, bona fide residents of the state of Colorado, or Nevada, or either of the territories of New Mexico, Arizona, Utah, Wyoming, Dakota, Idaho, or Montana, and all other mineral districts of the United States, shall be, and are hereby, authorized and permitted to fell and remove, for building, agricultural, mining, or other domestic purposes, any timber or other trees growing or being on the public lands, said lands being mineral, and not subject to entry under existing laws of the United States, except for mineral entry, in either of said states, territories, or districts of which such citizens or persons may be at the time bona fide residents, subject to such rules and regulations as the secretary of the interior may prescribe for the protection of the timber and of the undergrowth growing upon such lands, and for other purposes."

The act of March 3, 1891 (26 Stat. 1093, c. 559), provides that:

"In the states of Colorado, Montana, Idaho, North Dakota and South Dakota, Wyoming and the district of Alaska, and the gold and silver regions of Nevada, and the territory of Utah in any criminal prosecution or civil action by the United States for a trespass on such public timber lands or to recover timber or lumber cut thereon it shall be a defense if the defendant shall show that the said timber was so cut or removed from the timber lands for use in such state or territory by a resident thereof for agricultural, mining, manufacturing, or domestic purposes under rules and regulations made and prescribed by the secretary of the interior and has not been transported out of the same. * * *" And it is expressly provided that "this act shall not operate to repeal the act of June 3, 1878, providing for the cutting of timber on mineral lands."

It is a curious circumstance that this act was, in substance, re-enacted the same day in another act, entitled "An act to repeal timber culture laws and for other purposes" (26 Stat. 1095, c. 561, § 8).

There was evidence introduced tending to show that the timber the defendant was charged with cutting was cut on mineral lands. The prosecuting officer of the government, who filed the information,

evidently supposed the act allowing timber to be cut on the public mineral lands was in force and applicable to this case, or he would not have alleged in his information, as he did, that the lands from which the timber was cut were nonmineral. Such an allegation would be surplusage in an information under section 2461 of the Revised Statutes.

The charge of the court makes no reference to the act of June 3, 1878, or to the regulations of the secretary of the interior thereunder; nor does it make any reference to the act of March 3, 1891, and the regulations of the secretary of the interior thereunder. It is not suggested here, and was not in the lower court, that the timber was cut in violation of the rules and regulations prescribed by the secretary of the interior under the acts mentioned, or either of them. The case seems to have been tried upon the assumption that section 4 of the act of June 3, 1878 (20 Stat. 90, c. 151), was, in the language of counsel for the government, "made applicable to the state of Colorado by section 8 of the act of March 3, 1891" (26 Stat. 1097, c. 561). But this is an error. The operation of section 4 of the act of June 3, 1878, entitled "An act for the sale of timber lands in the states of California, Oregon, Nevada, and in Washington Territory" (20 Stat. 90, c. 151), is limited to the states and territories named in its title. The act reads as follows:

"That after the passage of this act it shall be unlawful to cut, or cause or procure to be cut, or wantonly destroy, any timber growing on any lands of the United States, in said states and territory or remove, or cause to be removed, any timber from said public lands, with intent to export or dispose of the same; and no owner, master, or consignee of any vessel, or owner, director, or agent of any railroad, shall knowingly transport the same, or any lumber manufactured therefrom; and any person violating the provisions of this section shall be guilty of a misdemeanor, and, on conviction, shall be fined for every such offense a sum not less than one hundred nor more than one thousand dollars."

It will be perceived that this section is by its terms limited to "said states and territories,"—meaning to the states and territories mentioned in the title and the body of the act, namely, California, Oregon, and Nevada, and Washington Territory.

There is no section or provision of the act of March 3, 1891, which makes section 4 of the act of June 3, 1878, which we have quoted, applicable to the state of Colorado. The act of March 3, 1877, entitled "An act to provide for the sale of desert lands in certain states and territories" (19 Stat. 377, c. 107), contains three sections. By the second section of the act of March 3, 1891 (26 Stat. 1095, c. 561), it was provided:

"That an act to provide for the sale of desert lands in certain states and territories, approved March 3, eighteen hundred and seventy-seven, is hereby amended by adding thereto the following sections."

And, following this section 2, five sections were added accordingly, numbered from 4 to 8, all placed between inverted commas, as though copied from the original act. The added section numbered 8 provides:

" 'That the provisions of the act to which this is an amendment, and the amendments thereto, shall apply to and be in force in the state of Colorado,

as well as the states named in the original act; and no person shall be entitled to make entry of desert land except he be a resident citizen of the state or territory in which the land sought to be entered is located.'"

The states and territories named in the act to provide for the sale of desert lands in certain states and territories, approved March 3, 1877, were California, Oregon, Nevada, and the territories of Washington, Idaho, Montana, Utah, Wyoming, Arizona, New Mexico, and Dakota. The only effect of this section 8 was to add Colorado to the list of states to which that act applied. Neither that act, nor any amendment thereof, related to the cutting of timber on the public lands, but only to the sale of desert lands. The section of the act of March 3, 1891, numbered 8 has no reference whatever to the subject we are considering. Counsel for the government has cited us to no other act which it is claimed exempts the state of Colorado from the operation of the act authorizing the cutting of timber on mineral land in the states and territories named therein, and makes no claim that it is repealed. We assume that, if there was any such act, the counsel for the government would have brought it to our attention; but, not having done so, we conclude there is no such act. Counsel for the government, in his brief, says:

"The information was drawn under section 2461. The court was of the opinion that that section did not apply, but that the information was sufficient under section 4, c. 151. p. 167, Supp. Rev. St. (2d Ed.), and instructed the jury that it was not important whether the land in question be mineral or nonmineral. We think that this was correct."

And the only ground on which the judgment of the lower court is attempted to be sustained by the district attorney is that section 4 of the act of June 3, 1878, was in force in the state of Colorado. This contention, as we have shown, is erroneous. It results that the case was tried upon an erroneous theory of the state of the law, and that it was error to tell the jury that it was not important whether the land from which the timber was cut was mineral or nonmineral. The court should have told the jury that if the land was mineral land, and the defendant in cutting the timber had complied with the requirements of the act, and the rules and regulations prescribed by the secretary of the interior thereunder, he was not guilty. The burden of proving these facts rested on the defendant. Railroad Co. v. Lewis, 162 U. S. 366, 16 Sup. Ct. 831, 40 L. Ed. 1002. Whether the defendant met and discharged this burden, we do not inquire, because the point is not raised either by the defendant or the government; and, moreover, the record does not affirmatively show that all the evidence is before us. The defendant may not be able to make out his defense either under the act of June 3, 1878 (20 Stat. 88, c. 150), or the act of March 3, 1891 (26 Stat. 1093, c. 559), but he is entitled to do so if he can.

It is worthy of remark that the sentence of the court in the case does not impose the punishment required upon a conviction under section 2461 of the Revised Statutes. The sentence was obviously imposed under section 4 of the act of June 3, 1878, which, as we have seen, is not in force in the state of Colorado. But the plaintiff in error is not complaining of this, as the punishment upon a convic-

tion under section 2461 of the Revised Statutes must have been greater than that which was imposed. That section imperatively requires that imprisonment shall be a part of the punishment. The defendant was tried, convicted, and sentenced under a statute having no application to the case, and for that reason the judgment of the district court is reversed, and the case remanded for a new trial.

SANBORN, Circuit Judge (dissenting). The charge of the trial court was that under the evidence in the case it was not important whether the land from which the timber was taken was mineral or nonmineral. This charge was right, unless the defendant had produced some evidence not only that the land was mineral, but also (1) that those who cut from it were citizens of the United States, or bona fide residents of the state of Colorado; (2) that the land was not subject to entry under existing laws of the United States; (3) that the timber was cut for building, agricultural, mining, or other domestic purposes; and (4) that this cutting was done in accordance with the rules and regulations prescribed by the secretary of the interior. Before it became material, under the evidence, whether the land was mineral or nonmineral, there must have been some testimony or evidence produced in support of each of these propositions. If there was no evidence in support of any one of them, then the defendant had not sustained his defense under the act of June 3, 1878, and the charge of the court was correct. The burden was on the defendant to produce this evidence. U. S. v. Cook, 19 Wall. 591, 22 L. Ed. 210; Railroad Co. v. Lewis, 162 U. S. 366, 376, 377, 16 Sup. Ct. 831, 40 L. Ed. 1002; Gentry v. U. S., 41 C. C. A. 185, 101 Fed. 51, 53.

The plaintiff in error alleges in this court that the charge of the court below that it was immaterial, under the evidence, whether the land was mineral or nonmineral, was erroneous. The burden is on him to show that it was erroneous. The record which he presents to this court discloses no evidence whatever that he or the other parties who cut and removed the timber in controversy ever complied with the rules and regulations prescribed by the secretary of the interior under the act of June 3, 1878, or that the land was not subject to entry under laws existing when that act was passed; and there are other propositions essential to the maintenance of his defense, in support of which no substantial evidence can be found in this record. One who would successfully attack the charge of a court because there was evidence in the case which rendered it erroneous must produce that evidence in the appellate court, or the charge below must be sustained. The presumption is that the trial court correctly instructed the jury, and that the same absence of evidence to sustain the propositions essential to the defense of the plaintiff in error existed in the court below which is disclosed by the record which the plaintiff in error now presents. As the plaintiff in error has not shown by the record that the charge was wrong, or that it was material under the evidence whether the lands were mineral or nonmineral, the charge should be sustained, and the judgment below should be affirmed. U. S. v. Patrick, 73 Fed. 800, 806, 20 C. C. A. 11, 17, 36 U. S. App. 645, 656; Railway Co. v. Price, 97 Fed. 423, 434,

38 C. C. A. 239, 250; Taylor-Craig Corp. v. Hage, 69 Fed. 581, 583, 16 C. C. A. 339, 340, 32 U. S. App. 548, 552; Board v. Sutliff, 97 Fed. 270, 275, 38 C. C. A. 167, 172; Newman v. Iron Co., 25 C. C. A. 382, 80 Fed. 228; Insurance Co. v. Raddin, 120 U. S. 183, 7 Sup. Ct. 500, 30 L. Ed. 644.