### UNITED STATES v. VAN WINKLE.

#### (Circuit Court of Appeals, Ninth Circuit. February 3, 1902.)

#### No. 733.

1. MINERAL LANDS—CUTTING TIMBER—CHARACTER OF LAND—DETERMINATION—MAPS—ADMISSIBILITY.

On an issue whether public land on which timber was cut by defendant was mineral land, within Act Cong. June 3, 1878, authorizing residents of certain mineral districts to cut timber on mineral lands, a geological map of the territory in which the lands were located, issued by authority of interior department, was admissible for use in connection with the evidence of witnesses, and to show the general nature of the land described, its elevation and surroundings, and its situation with relation to lands proven to be mineral, where not in any way purporting to show the nature of the land in controversy, or to indicate that it was mineral.

2. SAME—PUBLIC RECORDS—HARMLESS ERROR.

The admission of a certified copy of the "general description of the survey" of the township in which the land in controversy was situated, containing no reference to the particular land, but referring in general terms to the township, stating that it was mountainous, and that considerable placer mining had been done along a certain creek, and expressing the opinion that undeveloped quartz ledges existed in the ridges, even if error, could not have prejudiced plaintiff.

3. SAME—DIRECTION OF VERDICT.

There being evidence that in cutting the timber defendant acted under what he believed to be the lawful authority of the United States, a request that the court direct a verdict for the United States for the full amount prayed for, on the ground that it had been proven that the lands were public lands, and that defendant had cut the timber without authority, was properly refused, because ignoring defendant's good faith.

4. SAME—MEASURE OF DAMAGES.

In case defendant cut the timber in good faith, he was only liable for the value of the timber as cut, and not as manufactured.

In Error to the Circuit Court of the United States for the District of Idaho.

The United States brought an action against Isaac Van Winkle, the defendant in error, to recover the value of 90,000 feet of lumber, of the manu-

factured value of $7 per thousand feet, which lumber and logs were alleged to have been wrongfully and unlawfully cut from the public domain of the United States in the land district of Boise, Idaho. The defendant in error set up the defense that the lands from which said lumber and sawlogs were cut was mineral land of the United States, within the meaning of the act of Congress approved June 3, 1878, entitled "An act authorizing the citizens of Colorado, Nevada and the territories to fell and remove timber on the public domain for mining and domestic purposes," section 1 of which provides as follows: "That all citizens of the United States and other persons, bona fide residents of the states of Colorado or Nevada or either of the territories of New Mexico, Arizona, Wyoming, Dakota, Idaho or Montana, and all other mineral districts of the United States, shall be and are hereby authorized and permitted to fell and remove for building, agricultural, mining or other domestic purposes any timber or other trees growing or being on the public lands, said lands being mineral, and not subject to entry under the existing laws of the United States except for mineral entry, in either of said states, territories or districts of which such citizens or persons may be at the time bona fide residents, subject to such rules and regulations as the secretary of the interior may prescribe for the protection of the timber and of the undergrowth growing upon such lands, and for other purposes: provided, the provisions of this act shall not extend to railroad corporations." The jury returned a verdict for the plaintiff in error for the sum of $35.

R. V. Cozier, for the United States.

Fremont Wood and S. H. Hays, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

We are precluded from considering the interesting and important question principally discussed in the brief of the plaintiff in error, whether the circuit court erred in the instructions given and refused to the jury concerning the meaning of the words "mineral lands," as used in the statute of June 3, 1878, for the reason that it appears from the record that no exception was taken to the instructions so given or refused. There remain, therefore, for our consideration, only the rulings of the court in admitting certain documentary evidence, and in denying the request of the plaintiff in error for peremptory instruction to the jury to find a verdict in its favor. The defendant in error, to support his defense, offered in evidence a geological map of Boise Basin, in which were located the lands from which the timber was cut, the map having been issued by the authority of the department of the interior as "Part III., P. 1, XCVI., 16th Annual Report of the Director of Geological Survey." It was admitted in evidence, over the objection of the plaintiff in error, that it was incompetent and hearsay. The map was identified, and shown to be substantially correct, so far as it represented the location of mines thereon. It was used in connection with the evidence of several witnesses. We think it was admissible for that purpose, as well as for the purpose of showing the general nature of the land described in the complaint, its elevation and surroundings, and its situation with relation to lands which were proven to be mineral. It does not in any way purport to show the nature of the precise land in controversy, or to indicate that it was mineral land. We are unable to perceive how its admission in evidence could have been harmful or prejudicial to the plaintiff in error.

Error is assigned to the admission of the certified copy made by the surveyor general of Idaho of the "General Description of the Survey" of the township in which the lands are situated. The general description so admitted in evidence contains no reference to the particular land which is the subject of the suit. It refers in general terms to the township in which the land is situated, states that it is mountainous, etc., and that there has been a great deal of placer mining done along Grimes creek, and expresses the opinion that undeveloped quartz ledges exist in the ridges. We are inclined to the opinion that in an action such as this, where the nature of the land in controversy was a question in issue involved, reference might properly be had to the records of the land office as prima facie evidence, at least, of their character; but, in any view of this particular evidence, the plaintiff in error could not have been injured by its admission.

Nor was the plaintiff in error entitled to a peremptory instruction to the jury to find a verdict as requested. The request was that the court direct a verdict for the plaintiff for the full amount prayed for in the complaint, upon the ground that it had been proven that the lands were public lands, and that the defendant had not only entered and cut timber of the quantity and value manufactured, as charged in the complaint, but that he had done so without authority from the plaintiff in error, and without effort or attempt to comply with the rules and regulations of the secretary of the interior governing the cutting of timber from the public lands. This instruction, as asked for, ignores the right of the jury to take into consideration the question of the good faith of the defendant in error in cutting the timber as he did upon the public lands. There was evidence that in cutting the timber he acted under what he believed to be the lawful authority of the United States. Such being the case, it was the province of the jury to determine whether his action was in good faith, and to measure the damages accordingly. If he acted in good faith, the law required the verdict of the jury to be for the value of the timber as cut, and not as manufactured. Gentry v. U. S., 41 C. C. A. 185, 101 Fed. 51. In the charge which was given by the court, the jury was instructed that in fact the defendant had not complied with the rules and regulations of the secretary of the interior concerning the cutting of timber upon government lands. From the amount of the verdict, which was $35, it is evident that the jury found that the timber was cut in good faith.

We find no error for which the judgment should be reversed. It is accordingly affirmed.