### UNITED STATES v. COUGHANOUR.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1904.)

#### No. 1,037.

1. APPEAL—REVIEW—ERRORS RENDERED HARMLESS BY VERDICT.

    Where the jury, in an action by the United States to recover for timber alleged to have been unlawfully cut from public lands, found against the defendant on the defense pleaded by him that the timber was cut from mineral land not subject to entry except as such, and was lawfully taken as authorized by Act June 3, 1878, c. 150, 20 Stat. 88 [U. S. Comp. St. 1901, p. 1528], and returned a verdict for plaintiff, but for the value of the timber as it stood instead of the value of the logs, any error in the admission of evidence as to the mineral character of the land or in giving or refusing instructions on that subject was without prejudice to plaintiff.

In Error to the Circuit Court of the United States for the District of Montana.

Marsden C. Burch, U. S. Atty., and R. V. Cozier, for the United States.

Fremont Wood and W. E. Borah, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error brought an action against the defendant in error to recover the value of 702,533 feet of saw logs, alleged to be of the value of $3.50 per thousand feet, and to have been cut by the defendant in error from timber growing upon certain described lands belonging to the United States, situate in three townships in the state of Idaho. The defendant in error answered, denying that he had unlawfully cut said timber, and alleging that it was cut by bona fide residents and citizens of Idaho upon lands which were unoccupied mineral lands of the United States, and not subject to entry under existing laws except for mineral entry, and that the timber so cut was to be manufactured into lumber to be used exclusively for building, agricultural, mining, and domestic purposes within the state and mining district in which it was cut, and that in cutting the same all lawful rules and regulations then in force promulgated by the Secretary of the Interior for the protection of the timber under the act of Congress of June 3, 1878, c. 150, 20 Stat. 88 [U. S. Comp. St. 1901, p. 1528], were observed; and the defendant in error denied that the value of the timber was, before it was cut, of the value of more than 35 cents

per thousand feet. Upon these issues the case was tried, and the jury returned a verdict for the plaintiff in error, and assessed the damages in the sum of $300. Upon the verdict, judgment was rendered for the plaintiff in error. The plaintiff in error, not content with this assessment of damages, brings the case before this court by writ of error to review certain alleged errors of the trial court in the admission of evidence and in giving and refusing certain instructions.

It is the contention of the plaintiff in error that the court erroneously admitted evidence to show the mineral character of the lands upon which the timber was cut and of the surrounding country, and that the court, by his instructions, permitted the jury to consider evidence of the mineral character of lands remote from the specified lands on which the timber was cut, and erroneously denied proffered instructions of the plaintiff in error relating to the same subject. The record, as it comes to us, precludes us from considering any of these questions. The complaint alleged that the value of the timber when cut was $3.50 per thousand feet, and the plaintiff in error proved that that was the price which the defendant in error paid for the logs after they were cut. It was admitted that the total quantity so cut was, as alleged in the complaint, 702,533 feet. No evidence whatever was offered as to the value of the standing timber. The jury, by their verdict, found that the allegation of the answer that the timber was cut on mineral land not subject to entry except as such was not true, and from the amount of the verdict they must have found that the value of the standing timber was substantially as alleged in the answer, or about 40 cents per thousand feet. No error, therefore, if error there were, in the admission of evidence in regard to the mineral character of the land, or in instructing or refusing to instruct the jury on that subject, could have affected the verdict. If the jury found, as they must have found, that the timber was cut in good faith under the belief that it was being cut from mineral land, and in compliance with the law, they had the right to return a verdict that the defendant in error was an innocent trespasser thereon, and liable only for the value of the standing timber. Wooden Ware Co. v. United States, 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230; Gentry v. United States, 101 Fed. 51, 41 C. C. A. 185; United States v. Van Winkle, 113 Fed. 903, 15 C. C. A. 533. None of the instructions so given or refused were addressed to the question of the bona fides of the defendant in error, nor is it perceived that they could in any way have affected the finding of the jury on that feature of the case.

The judgment of the Circuit Court will be affirmed.