## H. D. WILLIAMS COOPERAGE CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1915.)

### No. 4155.

1. PUBLIC LANDS ⬦⟳13—SALES OF TIMBER FROM UNPERFECTED HOMESTEAD—EVIDENCE.

In an action by the government to recover the value of timber cut by a homestead entryman and sold before his right had been perfected by the requisite residence and cultivation, evidence *held* to justify a finding that he entered the land and did much work upon it in good faith, intending to make a home for himself and his family, and that he cut and sold the timber in ignorance that he was violating the law.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. ⬦⟳13.]

2. PUBLIC LANDS ⬦⟳11—HOMESTEAD—RIGHTS ACQUIRED—SALES OF TIMBER.

A homestead entryman, whose right had not been perfected by the requisite residence and cultivation, had no legal right to cut and sell timber from the uncultivated part of his homestead.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 9, 11–13; Dec. Dig. ⬦⟳11.]

3. PUBLIC LANDS ⬦⟳13—CUTTING AND REMOVING TIMBER—DAMAGES.

A willful trespasser is liable to the government, not only for the value of timber cut and sold from an unperfected homestead, but for the value of the product created by his labor.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. ⬦⟳13.]

4. PUBLIC LANDS ⬦⟳13—CUTTING AND REMOVING TIMBER—DAMAGES.

Where a homestead entryman acted in good faith, in the belief that he had a right to cut and sell timber from his unperfected homestead, he

---

⬦⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was an innocent and not a willful trespasser, and was liable to the government only for the value of the timber in its original place; and hence, where there was evidence that this was the case, the court erred in charging that he was a willful trespasser, in giving the measure of damages applicable to a willful trespasser, and in refusing to charge that if a purchaser from the entryman had no knowledge that the timber was cut from an unperfected homestead, and if the entryman cut it innocently and in good faith to assess as damages only the reasonable value of the timber at the time it was cut.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. ☞13.]

5. PUBLIC LANDS ☞13—CUTTING AND REMOVING TIMBER—DAMAGES.

The same rule of damages is applicable to a purchaser of timber cut from an unperfected homestead as is applicable to the original trespasser.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. ☞13.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Civil action by the United States against the H. D. Williams Cooperage Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Douglas W. Robert, of St. Louis, Mo., for plaintiff in error.

Homer Hall, of St. Louis, Mo. (Arthur L. Oliver, of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

ADAMS, Circuit Judge. [1] This was an action brought by the United States against the Cooperage Company to recover the value of certain timber after it had been manufactured into staves on the ground, as charged in the petition, that the timber was willfully and intentionally cut by one Lay from his homestead entry and sold to the defendant by him before his right had been perfected by the requisite residence and cultivation. The proof tended to show that Lay made his entry in 1904, and that in December, 1904, and January, 1905, he cut timber and built a house thereon, and moved into it with his wife and three children, intending to make a home there; that he afterwards built two outbuildings, and cleared and cultivated about five acres of ground for a garden; that he continued to live there with his family until March, 1907, when, finding himself in debt and unable to make a living, he voluntarily relinquished his claim to one Grantham, who entered it as a homestead, perfected his entry, and received a patent. There was testimony tending to show that after Lay had occupied the premises and had done the work just referred to, for a period of about a year, a person representing himself to be an agent of the defendant, the Williams Cooperage Company, offered to loan him $200 to buy a team with and to take his pay in sections of white oak timber called "stave bolts." A trade of that sort was then made between them. There were two other tracts of land from which Lay had acquired the right to cut timber, and from these two tracts, as

well as from his own homestead, he cut trees and worked them into stave bolts and delivered the same to the defendant. There was evidence tending to show that some of the timber so cut was taken from the five-acre garden tract and some from the uncultivated portions of his homestead. Lay testified that he entered the land for improvement and cultivation in good faith, intending to make a home for himself and family there, and not at all for the purposes of speculation; that he cut and sold the timber to the defendant to enable him to purchase a team to work his land with; that most of the timber so cut and sold came from the five-acre tract he had cleared for a garden; that the person representing himself to be an agent of the defendant told him he had a right to cut and sell the timber. He further testified that he acted in good faith, believing he had a right to do as he did. In view of this and other like testimony, it appears that there was substantial evidence tending to show that Lay entered the land and did much work upon it in good faith intending to make a home for himself and family, and that he cut and sold timber in ignorance that in so doing he was violating the law. No question is made that he had a right to cut and sell the timber growing on the five-acre tract which he cleared for cultivation. Shiver v. United States, 159 U. S. 491, 16 Sup. Ct. 54, 40 L. Ed. 231. With this unquestioned right to cut and sell some timber, and being advised that he might do so generally, and having a purpose to procure with the proceeds of sale a team to work his land with, a jury, in the light of Lay's testimony on the subject, might well believe and find that Lay was an innocent, as distinguished from a willful, trespasser, if that issue had been submitted to them.

[2-5] The law is well settled that Lay had no legal right to cut and sell timber, except from the five-acre tract cultivated by him, and that the government might recover the value of the timber as cut from the uncultivated part of his homestead. It is also true that, if Lay was a willful trespasser in cutting the timber, he would have been liable to the government, not only for the value of the timber as cut, but for the value of the product created by his labor. If, on the other hand, Lay acted in good faith, in the belief that he had a right to cut and sell the timber, although he as a matter of law had no such right, he was an innocent and not a willful trespasser, and would have been liable to the government only for the value of the timber in its original place. Durant Min. Co. v. Percy Consol. Min. Co., 35 C. C. A. 252, 93 Fed. 166; Gentry v. United States, 41 C. C. A. 185, 101 Fed. 51; United States v. Homestake Min. Co., 54 C. C. A. 303, 117 Fed. 481; Woodenware Co. v. United States, 106 U. S. 432, 435, 1 Sup. Ct. 398, 27 L. Ed. 230.

The same rule of damages is applicable to a purchaser of timber from the original trespasser. Woodenware Co. v. United States, supra. The court charged the jury among other things as follows:

"A man cannot go on the land and, because he has not got any money, cut off the timber on that land and sell it to a man who sells him the mules. He has got no right to do it, and therefore under the law, while an honest man and a straightforward man, which I think he is, under the law he was a willful trespasser, and that is what the government charges in the second count of the petition—that he was a willful trespasser."

The court charged the jury as to the measure of damages, in harmony with its pronouncement that Lay was a willful trespasser, that the government was entitled to recover the value of the staves manufactured out of the timber taken off the land, not including that taken off the tract cleared for cultivation. Defendant's counsel duly excepted to the two portions of the charge above specified and requested the court to charge the jury as follows:

"If you believe from the evidence that the defendant had no knowledge, at the time said timber was purchased from Lay, that it had been cut from an unperfected homestead, and that Lay cut said timber innocently and in good faith, then, if you find for the plaintiff, you will assess the damages only at what you believe from the evidence to be the reasonable value of the timber, at the time it was cut by said Lay."

To the refusal to give this instruction, defendant's counsel at the time duly excepted.

In view of the law as hereinbefore stated by us, we think the trial judge erred in declaring as a matter of law that Lay was a willful trespasser, and that he also erred in directing the jury to find for the government the value of the staves manufactured out of the timber cut and sold by Lay. We think the court should have given an instruction substantially as requested by defendant's counsel.

The judgment is reversed, and the cause remanded to the District Court, with instructions to grant a new trial.