UNITED STATES v. NORTHERN PAC. R. CO. et al.

(Circuit Court, D. Oregon. May 11, 1895.)

No. 1,477.

DAMAGES—UNINTENTIONAL TRESPASS.
    The N. Ry. Co. cut certain timber on lands which were, in good faith, supposed to be included in a grant to it, and caused the same to be manufactured into lumber. In an action against the railway company for trespass, it was afterwards adjudged that the land on which the timber was cut was public land. *Held* that, the trespass having been unintentional, the true measure of damages was the value of the standing timber at the time it was cut, and not that of the manufactured lumber after increased value had been added by the defendant's labor. Wooden-Ware Co. v. U. S., 1 Sup. Ct. 398, 106 U. S. 434, followed.

This was an action by the United States against the Northern Pacific Railroad Company and others to recover the value of certain lumber. After the receipt of a mandate from the supreme court, to which the case had been taken on appeal, a judgment was entered by the plaintiff, without notice to the defendants. Defendants moved to set aside such judgment, and enter one in accordance with what was claimed to be the true intent of the mandate.

D. R. Murphy, U. S. Atty., and Charles J. Schnabel, Asst. U. S. Atty
Dolph, Mallory & Simon and Carey, Idleman, Mays & Webster, for defendants.

GILBERT, Circuit Judge.    An action was brought in this court by the United States against the defendants to recover the value of certain lumber manufactured from logs alleged to have been unlawfully cut and removed by the defendants in the year 1886, from the public lands, to wit, from the N. W. ¼ of section 7, township 8 N., range 5 W. of the Willamette meridian, in the state of Washington. The defendants made answer that, at the time of the alleged wrong, the title to these lands had passed from the United States, and that the defendant Aaron Kinney was then the owner.    It was the decision of this court (Sawyer, J.) upon the trial of said cause that the title had passed by grant from the United States to the Northern Pacific Railroad Company, and that the same was by mesne conveyances from said company vested in the defendant Kinney.    41 Fed. 842.    Upon writ of error to the supreme court (152 U. S. 285, 14 Sup. Ct. 598), it was held that the land in controversy was included in the grant of lands to aid the Oregon Central Railroad Company, by the act of congress of May 4, 1870, which grant took effect before the joint resolution of May 31, 1870, granting lands to aid the Northern Pacific Railroad Company in the construction of a railroad and telegraph line between Portland and Puget Sound, and that, therefore, the title to the land in question never passed to the Northern Pacific Railroad Company, and hence was never vested in the defendant Aaron Kinney, but that, by virtue of the forfeiture of said grant to the Oregon Central Railroad Company, said land was at the time the timber was cut therefrom public land of the United States. It was the mandate of the supreme court upon said decision that the cause be remanded to this court, with direction to enter judgment for the United States upon the special findings of fact.    The special findings of fact so referred to were the findings of the circuit court upon the trial, and they were, in substance, that the defendants had cut from the lands in controversy 293,505 feet of lumber, board measure; that the value of the lumber, when manufactured at Portland, was $9 per thousand feet, and that its value in the tree, when cut, and in the log, was as stated in the testimony offered and made a part of the judgment roll.    Upon receipt of the mandate in the circuit court, without notice to defendants' counsel, a judgment was entered on behalf of the United States for the sum of $2,095, which was the value of the timber cut at the rate of $9 per thousand feet.    The defendants now petition for an order setting aside the said judgment, and for an entry of a judgment in accordance with the true intent and purport of the decision of the supreme court and the mandate thereupon issued, contending that in a case of this kind, where there was no willful trespass upon the lands of the United States, and where the timber was cut in good faith, and in the honest belief that the title to the lands whereon the same was cut had passed in the grant to the Northern Pacific Railroad Company, the true measure of damages is not the value of the manufactured lumber at the market, but the value of the standing timber before an increased value has been added thereto by the labor of the defendants.    The supreme court, in Wooden-Ware Co. v. U. S., 106 U. S. 434, 1 Sup. Ct. 398, has declared the doctrine that "where

the trespass is the result of inadvertence or mistake, and the wrong was not intentional, the value of the property when first taken must govern." This case comes clearly within the rule thus defined. It was the general belief at the time the timber was cut that the land in question was within the grant to the Northern Pacific Railroad Company of July 2, 1864, and that the date of said grant was anterior to that of the Oregon Central Railroad Company. Judge Sawyer so held in this case, in the judgment which was reviewed on writ of error from the supreme court. There can be no doubt that the defendants honestly believed that the title to the land had passed to the Northern Pacific Railroad Company, and that it was no longer public land. The testimony shows that the value of the standing timber at the time it was cut was about 75 cents a thousand feet, and it is the judgment of the court that the entry of judgment heretofore made in said cause in favor of the United States for $2,095 be set aside, and that judgment be entered in favor of the United States against the defendants for the sum of $220 and costs.