MISSISSIPPI RIVER LOGGING COMPANY v. E. S. PAGE and Another.[1]  68   269
84   125

May 19, 1897.

Nos. 10,516—(96).

#### Trespass—Presumption of Willfulness.

Where a trespass is admitted or proven, the presumption, in the absence of evidence to the contrary, is that it was willful, and the burden is on the trespasser to show that it was not.

#### Same—Evidence.

Evidence considered, and *held*, that it does not sustain a finding to the effect that the defendants were not guilty of a willful trespass in cutting and carrying away the standing timber of the plaintiff.

Appeal by plaintiff from an order of the district court for Mille Lacs county, Searle, J., denying a new trial, after findings in favor of plaintiff for $203.20 and an order for judgment. Reversed.

*Clapp & Macartney,* for appellant.

*Warner, Richardson & Lawrence,* for respondents.

START, C. J. The plaintiff, for a first cause of action, alleged that it was the owner of certain portions of section 29, in township 42 N., of range 27 W., in this state, and that during the logging season of 1892-93 the defendants, without the knowledge or authority of the plaintiff, entered thereon, and cut and carried away therefrom, and converted to their own use, 125,990 feet of pine saw logs, to the damage of the plaintiff in the sum of $1,390. The defendants by their answer admitted the trespass, except as to the number of feet cut, but alleged that, while lawfully cutting logs on the 80 acres south of the plaintiff's land, they, by inadvertenence and·mistake, cut across the line, and carried away therefrom 28,640 feet of logs, which was done innocently, in good faith, and without any intention of wronging any one. The complaint also alleged two other similar causes of action for cutting logs on other land of the plaintiff, to which the defendants made similar answer. The cause was tried by the court without a jury, and the trial court found, as to each of the several causes of action, that the trespass was committed by mistake and inadvertence, as alleged in the answer, and ordered judgment for the plaintiff for the

1 Reported in 71 N. W. 4.

value of the stumpage only, instead of the value of the logs at the place of conversion. The plaintiff appealed from an order denying its motion for a new trial.

The plaintiff here concedes the correctness of the findings of the trial court, except the fourth, which relates to the trespass on the N. ½ of the S. W. ¼ of section 29. As to this finding, it is claimed that it is not sustained by the evidence. The only question then for our consideration is, does the evidence sustain the defendants' claim that the trespass was the result of an honest mistake or inadvertence? We answer it in the negative. The measure of damages in cases of this kind is the value of the standing timber before it was cut, provided the trespasser honestly and reasonably believed that his act was rightful, he not having been culpably negligent or regardless of the rights of others; otherwise the measure is the value of the logs at the time and place of conversion. Whitney v. Huntington, 37 Minn. 197, 33 N. W. 561; King v. Merriman, 38 Minn. 47, 35 N. W. 570. The burden of proof was upon the defendants to bring themselves within this proviso; for where, as in this case, the trespass is admitted, the presumption, in the absence of evidence to the contrary, is that it was willful. Hoxsie v. Empire, 41 Minn. 550, 43 N. W. 476.

The evidence wholly fails to show that the particular trespass in question was the result of a justifiable mistake as to the line, or anything else. On the contrary, the undisputed evidence affirmatively shows that this trespass must have been committed by the servants of the defendants by reason of their culpable negligence, and with a reckless disregard of the rights of the plaintiff. While the evidence tends to show that there was some uncertainty as to the dividing lines of the other parcels of the plaintiff's land, there was practically none as to the 80 acres upon which the trespass here in question was committed, for it was plainly marked. The evidence shows that the defendants, in cutting across the line upon the plaintiff's 80 acres, did not follow any regular or straight line, but cut all the timber on a knoll extending into the 80, from the dividing line to the south, from 10 to 20 rods, and ending in a tamarack swamp. Four witnesses testified to this fact, and their testimony was undisputed. The foreman in charge of the defendants' work testified that he instructed his men not to cut over the lines; that he watched them, and thinks they did

not. But it is admitted that they did, and the manner in which they invaded the plaintiff's land and cut its pine, following as they did the irregular line of the swamp around the knoll on which the pine stood, points unmistakably to the conclusion that the trespass was the result of a wanton disregard of plaintiff's rights. The evidence is not sufficient to overcome the presumption that the trespass was willful. The order denying a new trial must be reversed, and a new trial granted, as to the first cause of action alleged in the complaint.

So ordered.