# Wytheville.

## WOOD AND OTHERS V. WEAVER.

June 14, 1917.

Absent, Whittle, P. and Burks, J.*

1. TREES AND TIMBER—*Trespass—Election of Remedies.*—Every trespass consisting in the cutting of standing trees is in its nature an injury to real estate and the owner, besides his remedies in equity in proper cases, has the election to so treat the trespass and bring his action for damages to the market value of the land (where he is the owner of the land) or to the market value of the standing trees, if he owns only the latter. In such case the common law action of trespass *quare clausum fregit,* or (under statute, section 2901, Code of 1904) the same action on the case, is an appropriate remedy at law. The damages to the real estate may, however, be waived by the owner by his election to bring an action at law for the trees themselves, severed from the land, or for their value, as having been converted into some form of personal property. In this State, in the former case, detinue is the proper remedy, and, in the latter case, trover (the gist of which is the conversion), or a like action of trespass on the case for the conversion of the trees.

2. TREES AND TIMBER—*Trespass—Damages.*—In an action for damages for cutting and converting trees in all cases where the trespass is not willful, the damages are compensatory and the stumpage value of the trees, *i. e.,* the value of the trees as they stood immediately before they were severed from the land, is the measure of compensatory damages in such an action. The owner of the chattel is not allowed in such case to recover the added value due to the labor of the non-willful trespasser, because of the recognition, even in courts of law, of an equitable and quasi-property right acquired by one who adds value to property by his labor, although the property upon which it is expended may be the property of another, the labor being bestowed in a *bona fide* belief of a right to bestow it.

*Case submitted before Judge Burks took his seat.

3. TREES AND TIMBER—*Trespass—Trover—Evidence—Damages*—
Where the trespass is not willful, the defendant may, even at
law, in an action against him by the owner of the chattel for
the conversion of it, adduce proof of value added to the chattel
by his labor in mitigation of damages. But where the de-
fendant is a willful trespasser the case is otherwise, and the
plaintiff in his recovery of damages obtains the benefit of the
value to the chattel by the labor of the wrong doer, not upon
the principle upon which punitive or exemplary damages are
imposed, but as the necessary result of the defendant's having
deprived himself, by his wrong doing, of the right to interpose
the defense under consideration in mitigation of damages.

4. TRESPASS—*Willful Trespass—Burden of Proof.*—Every trespass
is *prima facie* willful, and, the trespass being conceded or
proven, the burden of proof is on the defendant, unless it
appear from the evidence for the plaintiff, to show that the
trespass was not willful.

5. TRESPASS—*"Willful Trespass."*—"Willful," in its connection with
trespass, is not confined in its meaning to the act of trespass
itself, in the sense that such act itself is intentionally or know-
ingly done. In that sense every trespass would be willful.
The legal meaning of the word "willful" in this connection is
a technical one, which the courts and text writers have found
it impossible to define in set terms which will fit every case.
To be willful the act of trespass itself must be intentional,
to be sure, for if done accidentally or by inadvertence or by
mistake not induced by gross negligence, it will not be willful.
A criminal intent is not essential, nor even a fraudulent in-
tent. The act need not rise above the degree of gross negli-
gence of the property rights of others to constitute the tres-
pass a willful trespass. The act which constitutes a willful
trespass may be anywhere in the domain of the law which
extends from the region of felonies down to gross negligence,
but is never found below the border line of the latter, in the
region of mere negligence.

6. TRESPASS—*"Willful Trespass"—Cutting Trees Under Claim of
Right.*—A trespass committed under a *bona fide* claim of right,
or title, not induced by gross negligence in failure of the tres-
passer to ascertain the correct location of the property, or
the title to it, is not willful, and where, in the instant case,
defendant cut the standing trees of plaintiffs under a *bona
fide* claim of right, an instruction that the plaintiffs were not
confined to compensatory damages, but were entitled to re-
cover also the value added to the trees by the labor of de-
fendant in manufacturing them into lumber, was error.

Error to a judgment of the Circuit Court of Lunenburg county, in an action of trespass on the case. To a judgment reducing the amount of the verdict found by the jury, plaintiff assigns error.

*Affirmed.*

### STATEMENT OF THE CASE AND FACTS BY SIMS, J.

This is an action on the case, at law, by the plaintiffs in error (plaintiffs also in the court below) against the defendant in error (defendant also in the court below), hereinafter referred to as plaintiffs and defendants.

The action is for damages to the plaintiffs caused by the cutting and conversion to his own use by defendant of certain trees belonging and conveyed to the plaintiffs by a certain timber deed.

The first count of the declaration is on the case (under statute, section 2901 of the Code of Virginia) for trespass *quare clausum fregit* to the real estate on which the trees conveyed by said trustees' deed were located. The second count was in trover to recover the value of the trees. There were two remaining counts, both on the case, for conversion of the trees and to recover their value. The trial in the court below was not had on the first; but on the other counts of the declaration.

The defendant's only plea was the general issue. There was a trial by jury, and a verdict for the plaintiffs. The jury thereby found the fact to be that the said cutting was done by the defendant or by his employees under his authority, express or implied.

To sustain this finding of the jury there was testimony for the plaintiffs consisting of circumstantial evidence of stump measurements of trees cut, the proximity of defendant's saw mill, it being on the same tract of land from which the trees were cut; the direct testimony that the

employee of defendant having charge of the logging of such mill was seen on the land in question hauling logs therefrom; the statement of such employee on cross-examination tending to confirm this, although on re-examination he denied it; and the character of the defendant's own statement in his testimony on this subject to the effect that he had notified all his employees "to cease forthwith from cutting any timber on the premises in question; that while he did not know positively whether any timber was cut thereon after the 30th day of December, 1914" (the alleged cutting being after that date), "he knew that he notified all of his employees not to do any further cutting on said premises, and that if they did so they did so without authority from him," leaving room for the inference that he testified merely that he did not expressly authorize the cutting before it was done, but otherwise authorized it, as evidenced by his action in permitting the cutting to continue by his employees after the date mentioned without stating that it was done without his knowledge, or giving any facts showing that, with a reasonable supervision of his employees, to the end of seeing that his alleged instructions were obeyed he would not have known, or he could not have been reasonably expected to have known of the cutting complained of.

In this conflict and status of the evidence, under the rule applicable to the consideration thereof by this court, we must regard the fact to be that the trees were cut by the defendant, that is to say, by his employees under his authority, express or implied.

## ON THE AMOUNT OF THE DAMAGES.

With respect to the measure of damages the trial court, on motion of the plaintiffs, without objection by the defendant, gave the jury the following instructions:

"The court instructs the jury that if under the foregoing evidence they shall find for the plaintiffs, then in assessing the damages they shall inquire whether or not the defendant cut and removed the timber from the land in question with or without notice that the plaintiffs were claiming title thereto.

"If the jury shall find that the timber was cut with actual notice that the plaintiffs were claiming title thereto, and upon the defendant's own construction of his rights, then the jury shall assess the damages at the market value of the manufactured timber; but if the timber was cut without notice of the claims of the plaintiffs, the jury shall assess the damages to the plaintiffs on the basis of the stumpage value."

There was only one other instruction given. That was given on motion of the defendant, without objection by the plaintiffs, to the effect that the plaintiffs must prove their case by a preponderance of evidence as to every essential fact, including the alleged cutting of trees after the date above mentioned.

The facts as to the trees being cut by the defendant "with actual notice that the plaintiffs were claiming title thereto and upon the defendant's own construction of his rights," are as follows:

At the time of the cutting of the trees by defendant proved in the instant case, there was pending in the same court below in which the instant action was afterwards instituted, an action by the same plaintiffs against the same defendant as in the instant case, for damages for wrongful cutting and removal of timber from the same tract of land as that on which the trees were cut which are involved in the instant case. That said first action resulted in a judgment in April, 1915, in favor of the said plaintiffs against said defendant. That pending such first action, in order to prevent the said defendant from cutting and removing

any trees from said premises under his claim of title thereto, until the case could come to trial, in a suit in equity instituted by said plaintiffs for the purpose, an injunction was duly awarded and served on said defendant in December, 1914, prohibiting him from cutting and removing any such trees.

The trees in the instant case were cut by the defendant after the service of this injunction upon him and in violation of such injunction.

It is true the defendant denied in his testimony that he cut the said trees and testified that "he immediately upon being served with said injunction notified all his employees to cease forthwith from cutting any timber on the premises in question," etc., as above quoted from his testimony. But the verdict of the jury is conclusive upon us, as above stated, of the fact being that the defendant did do the cutting in question in violation of the injunction. Nevertheless, in view of the instructions given, quoted above, the jury may have found (and as we shall presently see, manifestly did find) the fact to be that the defendant did such cutting "upon the defendant's own construction of his rights," that is to say, under a claim of title on his part to the trees cut by him. It is further true that the evidence on the question of whether such claim of title was *bona fide* is not as explicit as it might be, nor as would be required by the rule that the burden of proof as to this matter is on a trespasser, but for the instruction given as aforesaid.

Although the defendant testified as a witness in the case, as aforesaid, he does not say that he cut the trees under his claim of title or show that such claim was *bona fide* and not induced by gross negligence on his part. But there was other evidence aforesaid from which the jury might have found the fact to be that he did the cutting under such claim of title and that the latter was *bona fide;* the trial court by the instruction given asked for by the plaintiff,

submitted this question to the consideration of the jury in such a way as would make the rule as to burden of proof, above adverted to, operate an injustice upon the defendant if pressed further than it was by the trial court in the instant case, or if pressed further therein by us.

The market value of the trees manufactured into lumber was $720.00. Their stumpage value, that is to say, their value as standing timber immediately before they were severed from the land, was $276.00.

The verdict of the jury was for $720.00. In view of said quoted instruction, this did not mean a finding by the jury that the trespass of the defendant in the cutting of the trees was a willful trespass, but the contrary, since the trial court instructed them, in effect, to find that very verdict if they believed from the evidence that the trespass was not willful, but under *bona fide* claim of title.

We must therefore regard the fact to be that the trespass of the defendant in question was not willful, but was committed under a *bona fide* claim of title.

It is true the trespass in question was committed also in violation of an injunction. But the violation of the injunction was not relied upon by plaintiffs in the court below as evidencing a willful trespass. Indeed by the instruction, asked for by the plaintiffs and given by the trial court, any distinction of the instant case on the question of the willfulness of the trespass, because of the violation of an injunction, was ignored. The trial in the court below, on the plaintiff's own choosing, proceeded in disregard of such violation having any bearing on the measure of damages. Hence we are relieved of considering in the instant case whether such feature of the case would or would not have any bearing on the question of whether the trespass was willful or the contrary; and we must regard

the instant case as if it were that of a trespass committed under a *bona fide* claim of title free from any complication of the violation of an injunction.

On the rendition of said verdict the defendant moved the court below to set it aside and grant him a new trial on the following grounds:

First. Because the verdict was for an excessive amount.

Second. Because the verdict was contrary to the law and the evidence.

Thereupon the trial court put the plaintiffs upon terms to accept $276.00, the stumpage value of the said trees cut, or the verdict would be set aside and a new trial granted, which judgment the plaintiff accepted under protest, the judgment of the court was entered accordingly for such reduced amount, and that action of such court is assigned by the defendant before us as error.

*Geo. E. Allen* and *P. P. Homes,* for the plaintiffs in error.

*N. S. Turnbull, Jr.,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the opinion of the court.

The assignment of error in this case involves only one question, but that is the very important question, of—

What is the proper measure of damages in a case of wrongful cutting of timber?

This question, although adverted to in the case of *Quigley Furniture Co.* v. *Rhea,* 114 Va. 271, 76 S. E. 330, was not therein involved or decided, and seems of first impression in this State. It is well settled, however, in England, in the federal courts of the United States and in many of our State courts.

33

1. Every trespass consisting in the cutting of standing trees is in its nature an injury to real estate and the owner besides his remedies in equity in proper cases, has the election to so treat the trespass and bring his action for damages to the market value of the land (where he is the owner of the land) or to the market value of the standing trees, if he owns only the latter. 3 Sedg. on Dam. (9th ed.) sections 931-2-3. In such case the common law action of trespass *quare clausum fregit,* or (under statute, section 2901, Code of Virginia) the same action on the case, is an appropriate remedy at law.

The damages to the real estate may, however, be waived by the owner by his election to bring an action at law for the trees themselves, severed from the land, or for their value, as having been converted into some form of personal property. In this State, in the former case, detinue is the proper remedy and, in the latter case, trover (the gist of which is the conversion), or a like action of trespass on the case for the conversion of the trees.

2. In both of the actions last named (which the several counts in the declaration on which the instant case was tried covered) the measure of compensatory damages, as it was at one time thought and held (and is yet in some of the jurisdictions, because of the supposed nature of the action) was the value of the trees after they were severed, including the value added thereto by the labor expended in their severance from the land (2 Sedg. on Dam., sections 500, 501, 502; 3 *Idem.,* section 934; 15 Am. & Eng. Anno. Cas. 916 to 924); but it is now generally held that the stumpage value of the trees, *i. e.,* the value of the trees as they stood immediately before they were severed from the land, is the measure of compensatory damages in such an action.

3. Such measure of damages—compensatory damages only—is applied in all cases where the trespass is not willful, notwithstanding that it may be that there has been

value added to the chattel—the material in the trees in the instant case—by the labor of the trespasser expended thereon such as the manufacture of the trees into lumber. The owner of the chattel is not allowed in such case to recover the added value due to the labor of the non-willful trespasser, because of the recognition, even in courts of law, of an equitable and quasi-property right acquired by one who adds value to property by his labor, although the property upon which it is expended may be the property of another, the labor being bestowed in a *bona fide* belief of a right to bestow it. (2 Sedg. on Dam., sections 499, 500, 501, 502, 503; 3 *Idem.*, section 934.) The same principle underlay the common law doctrine of recoupment (Waterman Set-Off, Recoupment and Counter Claim, sections 417, 421, 422, 423, 486.) This principle was firmly established in the civil law also. (Inst. of Justinian, lib. 11, title 1, section 34.) As translated by Dr. Cooper, it is said in the civil law, "to be absurd that the work of an Apelles or Parrhasius should go without compensation to the owner of a worthless tablet, if the painter has possession fairly, but if he, or any other, shall have taken away the tablet feloniously, it is evident the owner may prosecute by action of theft."

The defendant, therefore, in such cases of value added to the chattel by his labor, may, even at law, in an action against him by the owner of the chattel for the conversion of it, adduce proof of such added value in mitigation of damages.

4. Not so, however, of a defendant in such case, who is a willful trespasser. His *mala fides* deprives him of the benefit of such defense. The law will not give ear to it.

In the latter case the plaintiff in his recovery of damages obtains indeed the benefit of the value to the chattel by the labor of the wrong-doer, but not, however, upon the principle upon which punitive or exemplary damages

are imposed (as is pointed out in the case of *Trustees of Dartmouth College* v. *International Paper Co.* [C. C.], 132 Fed. 92), but as the necessary, result of the defendant's having deprived himself, by his wrong doing, of the right to interpose the defense under consideration in mitigation of damages. (See *Bailey* v. *Haynes,* 65 Wash. 57, 117 Pac. 720.)

5. In the instant case it is urged that the burden of proof was on the defendant to show that the trespass was not willful. This is a correct statement of the law—a trespass by the defendant having been proved by the evidence.

Every trespass is *prima facie* willful, and, the trespass being conceded or proven, the burden of proof is on the defendant, unless it appear from the evidence for the plaintiff, to show that the trespass was not willful. (*United States* v. *Home Stake Min. Co.,* 117 Fed. 481, 54 C. C. A. 303; *Trustees of Dartmouth College* v. *International Paper Co., supra; United States* v. *Ute, &c., Co.,* 158 Fed. 20; 85 C. C. A. 302; *Mississippi, &c., Co.* v. *Page,* 68 Minn. 269, 71 N. W. 4; *Young* v. *Pine Ridge Lumber Co.* (Tex. Civ. App.), 100 S. W. 784; *Milltown Lumber Co.* v. *Carter,* 5 Ga. App. 344, 63 S. E. 270; *Kahle* v. *Crown Oil Co.,* 180 Ind. 131, 100 N. E. 681.

In the instant case the facts, noted above in the statement of facts bearing on the question of whether the trespass was willful or the contrary, appeared from the evidence for plaintiffs.

6. On the question as to when a trespass is willful, the decisions are almost innumerable. They develop, however, certain well settled conclusions. Willful, in this connection, is not confined in its meaning to the act of trespass itself, in the sense that such act itself is intentionally or knowingly done. In that sense every trespass would be willful. The legal meaning of the word willful in this connection is a technical one, which the courts and text writers have

found it impossible to define in set terms which will fit
every case.   To be willful the act of trespass itself must
be intentional, to be sure, for if done accidentally or by
inadvertence or by mistake not induced by gross negligence,
it will not be willful.   (*Livingston* v. *Rawyards Coal Co.,*
L. R. 5 App. Cas. 33; *Bolles Wooden ware Co.* v. *U. S.,* 106
U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230; *Anderson* v. *Besser,*
131 Mich. 481, 91 N. W. 737; *U. S.* v. *McKee* (D. C.), 128
Fed. 1002; *Sligo Furnace Co.* v. *Hobart-Lee Tie Co.,* 153
Mo. App. 442, 134 S. W. 585; *Holt, &c.,* v. *Hayes,* 110 Tenn.
42, 73 S. W. 111.)   On the other hand the act may be feloni-
ous, or fall short of that and be a theft, or short of that and
be a fraud, and yet short of that and be "in bad faith" or
"not in good faith," and still short of that and be grossly
negligent of the property rights of others, with respect to
exercising proper diligence to ascertain the true identity,
location or title to property—as when the act is wanton,
or reckless—and in all these degrees of disregard of the
rights of others the act will be willful.   But a criminal in-
tent is not essential, nor even a fraudulent intent.   The act
need not rise above the degree of gross negligence of the
property rights of others to constitute the trespass a will-
ful trespass.   *Trustees of Dartmouth College* v. *Interna-
tional Paper Co., supra,* so holds in effect; *Farris* v. *Am.
Tel. & Tel. Co.,* 84 S. C. 102, 65 S. E. 1017; *Durant Min. Co.*
v. *Percy, etc., Co.,* 93 Fed. 166, 35 C. C. A. 252; *American
Sand & Gravel Co.* v. *Spencer,* 55 Ind. App. 523, 103 N. E.
426.   Mere negligence of the trespasser with respect to
ascertaining the true location of property, or the title to
it, will not render the trespass willful (*Powers* v. *U. S.,* 119
Fed. 562, 56 C. C. A. 128; *U. S.* v. *Eccles* (C. C.), 111 Fed.
490; *Beede* v. *Lamprey,* 64 N. H. 510, 15 Atl. 133, 10 Am.
St. Rep. 426; *Durant Min. Co.* v. *Percy, etc., Co., supra*).
There is some conflict in the authorities however.   See
*Donoven* v. *Consol. Coal Co.,* 187 Ill. 28, 58 N. E. 290, 79

Am. St. Rep. 206; *Mississippi, etc., Co.* v. *Page, supra,* and the Texas case of *Young* v. *Pine Ridge Lumber Co.* (Tex. Civ. App), 100 S. W. 784, and other Texas cases. This last named case goes beyond the true rule, to the extreme of holding that if the trespasser, by the exercise of reasonr able care and diligence, would have known that he had no title to the timber cut he was a willful trespasser; which, in effect, holds that if he was guilty of negligence the trespass was willful. To the same effect *Messer* v. *Walton,* 42 Tex. Civ. App. 488, 92 S. W. 1037; *Ripy* v. *Less,* 55 Tex. Civ. App. 492, 118 S. W. 1084. The great weight of authority, however, is as above stated.

In short, the act which constitutes a willful trespass may be anywhere in the domain of the law which extends from the region of felonies down to gross negligence, but is never found below the border line of the latter in the region of mere negligence.

To be more specific. The trespass must be committed under a *bona fide* claim of right, or title, not induced by gross negligence in failure of the trespasser to ascertain the correct location of the property, or the title to it, otherwise it is willful; and, conversely, if it be in truth committed under such claim of right or title, not induced as aforesaid, it is not willful. *Bolles Woodenware Co.* v. *U. S., supra; Nesbitt Lumber Co.,* 21 Minn. 491; *U. S.* v. *Homestake Min. Co., supra; State of Minn.* v. *Shevlin-Carpenter Co.,* 62 Minn. 99, 64 N. W. 81; *Bond* v. *Griffin,* 74 Miss. 599, 22 So. 187; *Ill., &c., R. Co.* v. *La Blanc,* 74 Miss. 626, 21 So. 748, where the trespass was committed pending suit involving the title; *Clark* v. *Holdridge,* 12 App. Div. 613, 43 N. Y. Supp. 115; *Lewis* v. *Va.-Carolina, etc., Co.,* 69 S. C. 364, 48 S. E. 280, 140 Am. St. Rep. 806; *Chappelle* v. *Puget Sound Reduction Co.,* 27 Wash. 63, 67 Pac. 391, 91 Am. St. Rep. 820; *U. S.* v. *Northern, etc. R. Co.* (C. C.), 67 Fed. 890; *Whitney* v. *Huntington,* 37 Minn. 197, 33 N. W. 561; *Gentry* v. *U. S.,* 101 Fed. 51, 41 C. C. A.

185; *U. S.* v. *Van Winkle,* 113 Fed. 903, 51 C. C. A. 533; *U. S.* v. *Eccles, supra; Powers* v. *U. S.,* 119 Fed. 562, 56 C. C. A. 128; *Anderson* v. *Besser,* 131 Mich. 481, 91 N. W. 737; *Fisher* v. *Brown,* 70 Fed. 570, 17 C. C. A. 225; *Dewitt* v. *Saner-Whiteman Lumber Co.* (Tex. Civ. App.), 155 S. W. 980; *Cullen* v. *Collins,* 56 Tex. Civ. App. 620, 120 S. W. 546; *Guarantee Trust & Safe Dep. Co.* v. *Drew,* 107 La. 251, 31 So. 736; *Central Coal & Coke Co.* v. *John Henry Shoe Co.,* 69 Ark. 302, 63 S. W. 49. This rule is not changed by the fact that the trespasser has notice at the time of the trespass that another asserts a *bona fide* title to the same property. *Ill., etc., R. Co.* v. *LaBlanc, supra,* and many of the other authorities above cited.

This may affect the degree of care and diligence, with respect to ascertaining who holds the true right or title, the trespasser must exercise in order not to subject himself to the imputation of being a willful trespasser, because of his gross negligence in the premises, but it does not change such rule.

As noted in the statement of facts above, the instant case is one of a non-willful trespass committed in the cutting of standing trees. Therefore, under the well settled rule shown by the above cited authorities, the plaintiffs were entitled to recover only compensatory damages, unaugmented by the added value due to the labor of the defendant in manufacturing the trees into lumber—that is to say, in such case, the stumpage value of the trees, or $276.00 was the correct measure of the plaintiff's damages.

7. As we have seen, in the "Statement of the case and facts," above, on submitting the case to the jury, the instruction, given at the instance of the plaintiff, on the subject of the measure of damages, was erroneous, in that it instructed the jury, in effect, that if the defendant cut the standing trees under a *bona fide* claim of title, the

plaintiffs were not confined to compensatory damages, but were entitled to recover also the value added to the trees by the labor of defendant in manufacturing them into lumber. The trial court, therefore, on the motion of the defendant to set aside the verdict as excessive and as contrary to the law and the evidence, properly corrected the error it had committed at the instance of plaintiff, in so erroneously instructing the jury as manifestly to cause them to find the excessive verdict, by reducing the amount of the latter to the amount which the jury should have found as damages upon a correct instruction on the measure of damages. This action of the court was just and right.

Therefore, for the reasons given above we find no error in the judgment complained of and it will be affirmed.

*Affirmed.*