## CIRCUIT COURT OF SHENANDOAH COUNTY

Phillips

v.

Munson

### March 25, 1982

### Case No. (Law) 765

## By JUDGE HENRY H. WHITING

In this case, the defendant purchased timber from one of two deed of trust debtors on property prior to a foreclosure sale but cut it after the foreclosure sale. The purchaser at the foreclosure sale seeks to hold him for the manufactured value of the timber and also for damages to the residue of the real estate, coupled with punitive damages, contending that his trespass was grossly negligent.

### I. *Liability; Measure of Damages*

The defendant admits he never examined the records in the Clerk's Office and, although he read the *Northern Virginia Daily* regularly, he never saw the trustee's advertisement of foreclosure sale which was introduced in evidence and shown to have been duly published.

There is some evidence which might indicate that the seller did not have a full right of sale, there being another co-owner, but no authority was cited and the Court is unaware of any which would prohibit one of the two joint owners from selling timber, and even if there was any prohibition against it, this would not seem to be

a badge of fraud or lack of authority available to a purchasing creditor who does not claim through either of the co-tenants but through a prior deed of trust the two of them executed.

While the defendant's continued cutting after the deed of trust sale on February 14, 1981, made him a trespasser[1] and such trespass was *prima facie* willful, it is the opinion of the Court that the defendant has carried his burden of proof to show the trespass was not willful or grossly negligent within the definition set forth in *Wood v. Weaver*, 121 Va. 250, 260-261 (1917), basing its conclusion on the following.

(A) The failure to examine the title may have been negligent, but this was hardly negligence of such character as to constitute gross negligence, which is defined in *Barnes v. Moore*, 199 Va. 227, 98 S.E.2d 683 (1957), as an "utter failure to do what an ordinary, reasonable, and prudent man would have done, in view of all the surrounding circumstances . . ." *Id.*, at 686.

(B) There was no evidence of warning flags indicating a duty of further inquiry which raised an issue as to gross negligence as in *Barnes*, where the defendant was *warned* that he was cutting on someone else's land, *urged* to go to the Clerk's Office to confirm it, but *failed* to do so. *Wood v. Weaver, supra,* stands for the proposition that if a cutting is done under a *bona fide* claim of right or title the trespass was not willful and, impliedly, not grossly negligent. The posture of that case in the lower court was somewhat unusual. The proof showed that the defendant cut the timber after he had been served with an injunction prohibiting it. Since the plaintiff did not rely on the violation of the injunction, the Supreme Court held it had no bearing on the question, *id.*, at 256, and sustained the trial court in setting aside a jury verdict for the manufactured value of the timber because the evidence showed as a matter of law the cutting was done under a claim of title and, therefore, the plaintiff could only recover stumpage value. The evidence in

---

[1] The deed of trust debtors no longer had a property interest after such sale, and the foreclosure of that interest terminated any timber contracts they previously executed.

this case goes no further than *Wood* in attempting to show gross negligence or willful misconduct. Therefore, stumpage value and damage to residue remain as the damage issues.

## II. *Quantum of Damages*

The evidence is in conflict as to the extent and impact of the cutting and the amount of value of the stumpage.

(A) *Stumpage Value.* The Court finds that the timber cut was worth $400.00 and the firewood $15.00.

(B) *Cost to Cure and Damage to Residue.* Obviously on this evidence, the Court must choose one or the other measure of damages. No witness testified as to what the damage would be to the residue after the timber alleged to have been cut and left on the ground and the lappage were removed.

Taking all of these factors into consideration, it is the opinion of the Court that an award of $500.00 to the property owners would be adequate compensation to cover not only the before and after value of the property after the timber was cut but also to compensate for any cost of cleaning up the debris and restoring the premises.