Juanita Tavia Yates PAYNE, Ella Mae Yates Dancy and Elizabeth Jane Yates, Plaintiffs,

Chadwick Leroy Murray and Stacy Leonard Murray, Infants, who sue by Veronica Cecelia Stone, Their Mother and Next Friend, Intervenors,

v.

CONSOLIDATION COAL COMPANY, Defendant.

Civ. A. No. 81–0056–A.

United States District Court, D. Virginia, Abingdon Division.

April 1, 1985.

Roger W. Mullins, Tazewell, Va., for plaintiffs.

Howard C. McElroy, Abingdon, Va., for intervenors.

James P. Jones, Bristol, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

■ This diversity action is before the court on the defendant's motion *in limine*, the defendant's motion for partial summary judgment, the plaintiffs' motion to compel discovery and the intervenors' motion for summary judgment. The parties having briefed the issues and argued their positions to the court, their motions are ready for disposition.

The intervenors, Chadwick Leroy Murray and Stacy Leonard Murray, move for summary judgment that the decree entered by the Circuit Court of Tazewell County, Virginia, ratifying, confirming and approving the lease of their lands is null and void. This court entered a Memorandum Opinion and Order on May 4, 1982 declaring the decree null and void. The state court failed to substantially comply with Va.Code § 8–676 which set forth jurisdictional requirements for an action to sell, encumber or lease infants' land. The lack of substantial compliance made the proceeding void *ab initio* and *in toto* because the court lacked jurisdiction. *Payne, et al v. Consolidation Coal Co.*, 538 F.Supp. 950 (1982). The intervenors' motion for summary judgment is therefore denied as being moot.

■ The defendant's motion *in limine* asks the court to rule as a matter of law that the damages sought as a result of the alleged trespass are limited to the value of the coal in place, which is its royalty value. The defendant mined coal which belonged to the plaintiffs and intervenors under a *bona fide* claim of right or title, the decree entered by the Circuit Court of Tazewell County on November 7, 1968. Until the decree was declared void by this court, the parties considered their lease to be valid and enforceable. A trespass which is committed under a *bona fide* claim of right or title is not willful. *Mullins v. Clinchfield Coal Corporation*, 227 F.2d 881, 884–885 (4th Cir.1955). For this reason, the court finds that the defendants committed no willful trespass by mining coal pursuant to its lease of the plaintiffs' and intervenors' mineral rights.

The proper measure of damages where coal is mined innocently and in good faith is its royalty value. *Id.* at 885. This measure of damages is established law in Virginia; a higher damage may be allowed only where a trespass is willful. *Id.* For this reason, the defendant's motion *in limine* is granted.

The defendants have further moved the court for partial summary judgment asking that the defendant be declared a nonwillful trespasser liable only for unpaid royalties, that the intervenors' claims be dismissed, that claims resulting from the drainway construction be dismissed as barred by the statute of limitations and that damages for the drainway construction and diversion of water be limited to compensatory damages based upon the diminution of value. Having found that the defendant was a nonwillful trespasser, the court finds that its damages due to the mining pursuant to 1968 lease are limited to royalties which shall be determined by the fair market value.

■ The defendant contends that the action by the intervenors is barred by both the doctrine of estoppel and the Federal Rules of Civil Procedure. In the 1968 state court proceeding, Chadwick Leroy and Stacy Leonard Murray, through their Mother

as next friend, alleged that they believed the best interests of the owners of the mineral estate would be served by leasing it to Consolidation. The defendant would have the court rule that the allegation was a representation which induced Consolidation to seek court approval of the lease and, subsequently, to mine after the decree was entered. The intervenors here were born in 1965 and 1968. They were not old enough to make any representation of their own to Consolidation, nor were they represented by a guardian *ad litem*. The court is not convinced that the defendant could have reasonably relied upon the representation of the next friend to the extent that equitable estoppel against the intervenors would be appropriate. See, generally, 7 Michie's Juris. *Estoppel* § 30 (1976 Repl. Vol.). However, the court need not reach the question because damages due to mining pursuant to the 1968 lease have been limited to royalties. Intervention by Chadwick Leroy and Stacy Leonard Murray is not barred by the doctrine of equitable estoppel or by the Federal Rules of Civil Procedure.

■ Between 1931 and 1936 the defendant constructed a subterranean drainway through the plaintiffs' property. In building the drainway, the defendant removed coal which apparently belonged to the plaintiffs' predecessor. The plaintiffs have asserted a claim of trespass for the removal of the coal and the subsequent use of the drainway. The defendant has raised as an affirmative defense the statute of limitations for adverse possession. Va.Code § 8.01–236 (1984 Repl.Vol.).[1] Adverse possession requires that the acts relied upon must have been actual, continuous, exclusive, hostile, open and notorious and accompanied by a claim of right for the statutory period. *Leake v. Richardson*, 199 Va. 967, 103 S.E.2d 227 (1958). The plaintiffs contend that the defendant's acts of possession were neither accompanied by a claim of right nor open and notorious.

■ The terms claim of right, claim of title and claim of ownership mean the intention of an adverse possessor to take the land and use it as his own. *Marion Investment Co. v. Virginia Lincoln Furniture Corp.*, 171 Va. 170, 182, 198 S.E. 508, 513 (1938). The terms do not imply any claim of actual title or right. *Id.* The defendant has used the drainway as its own since it was built; therefore, its acts of possession have been accompanied by a sufficient claim of right.

■ The plaintiffs assert that the construction and use of the drainway was not open and notorious because it was hidden underground and was not susceptible to being found by the owner. However, the plaintiffs have produced a discovery document entitled "Drainage Tunnel of Pocahontas Fuel Company, Inc." with an accompanying map. It is possible that this publication made the location and use of the drainway open and notorious. The document itself bears no publication date and there is no evidence regarding its distribution. For this reason, the issue of whether the drainway was open and notorious is reserved for trial. For the purpose of deciding the remaining issues raised by the motion for partial summary judgment and the motion to compel discovery, the court assumes that the statute of limitations for adverse possession does not bar the action for trespass.

■ The defendant's motion for partial summary judgment asks alternatively that damages for the drainway construction and diversion of water be limited to compensatory damages based upon the diminution of value. The plaintiffs here have alleged the tort of trespass. Where a trespasser encroaches on the land of another, mining and removing minerals innocently and in good faith, only compensatory damages may be recovered. *Mullins v. Clinchfield Coal Corporation*, 227 F.2d

---

1. The defendant's motion for partial summary judgment asserts that recovery by the plaintiffs is barred by the applicable statute of limitations. The defendant has briefed only the statute of limitations for adverse possession. Va.Code § 8.01–236 (1984). The denial of partial summary judgment is based upon that statute.

881, 885 (4th Cir.1955).[2] The basis for the damages is the value of the coal in place, its royalty value. *Id.* Where a trespass is willful a higher measure of damages may be allowed; then, the trespasser shall pay the full value of the ore at the time he sells or uses it. *Id.* The question of willfulness with respect to the construction and use of the drainway is reserved for the jury.

 Every trespass is prima facie willful. *Wood v. Weaver,* 121 Va. 250, 260, 92 S.E. 1001, 1003 (1917). Once the trespass has been conceded or proved, the burden of proof is on the defendant to show that it was not willful. *Id.* If an act of trespass is done accidentally, by inadvertence or by mistake not induced by gross negligence, it is not willful. *Id.*

In addition to compensatory damages, if the jury finds that the defendant acted with conscious disregard for the rights of others, punitive damages may be awarded. *Baker v. Marcus,* 201 Va. 905, 114 S.E.2d 617 (1960). Otherwise, damages for the construction and use of the drainway will be limited to the value of the coal plus the diminution in the market value of the property. *Norfolk and Western Railway Co. v. Richmond Cedar Works,* 160 Va. 790, 807, 170 S.E. 5, 11 (1933). As indicated in this and the preceding paragraphs, the defendant's motion for partial summary judgment is granted in part and denied in part.

The plaintiffs have moved the court to compel the discovery of facts and documents relevant to the sales prices and costs of production of the coal removed from their estate. Because the matter sought is relevant to the measure of damages for the removal of plaintiffs' minerals by the defendant, the motion to compel discovery is granted.

## ORDER

This case is before the court on the plaintiff's motion to reconsider that portion of the memorandum opinion dated April 1, 1985 which states that damages "shall be determined by the fair market value at the time of the lease," which motion is hereby granted. The court will permit evidence of royalty value at any and all times during the taking of the coal.

2. The plaintiffs have asserted the right to recover damages for the use of the drainway based upon the financial advantage which accrued to the defendant. If the plaintiffs had brought this action to recover on a theory of implied contract, the measure of damages would have been the value of the benefit received by the defendant. *Raven Red Ash Coal Co. v. Ball,* 185 Va. 534, 548, 39 S.E.2d 231, 238 (1946). However the plaintiffs have not elected to plead an implied contract and thereby waive the tort action. Instead, they have pleaded the tort and asked for contract damages. In *Raven Red Ash Coal Co. v. Ball,* the plaintiff brought an action in assumpsit for the unauthorized use of a haulway. *Id.* The Supreme Court of Appeals of Virginia reviewed the relevant case law and found that

> [t]hese cases hold that every use of an easement not necessarily included in the grant is a trespass to realty and renders the owner of the dominant tenement liable in a tort action to the owner of the servient tenement for all damages proven to have resulted therefrom, and, in the absence of proof of special damage, the owner of the servient tenement may recover nominal damages only.

*Id.* at 185 Va. 538, 39 S.E.2d 233. The court went on to hold that a plaintiff may bring an action in implied contract to recover from a trespasser who benefits himself by the illegal use of another's land. *Id.* at 185 Va. 547, 39 S.E.2d 237.

The plaintiffs here, having chosen to bring an action for trespass, may recover only trespass damages. They may prove any damages which resulted from the use of the drainway. Absent such proof, they may recover nominal damages only.

The court would further note that if the suit had been brought in contract the plaintiffs could not recover punitive damages. Punitive damages are not permitted in Virginia for breach of contract unless there is a separate independent tort. *Kamlar Corp. v. Haley,* 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983). Here there is no separate independent tort. Since this suit is brought in tort the court is permitting the issue of punitive damages to go to the jury.