**Jo D. MOLINARY, Trustee of the Susan Pruitt Cloud Land Trust, Plaintiff,**

v.

**POWELL MOUNTAIN COAL COMPANY, INC., d/b/a Wax Coal Company, Defendant.**

Civ. A. No. 91–0007–B.

United States District Court,
W.D. Virginia,
Abingdon Division.

Sept. 30, 1993.

Daniel Robert Bieger, Abingdon, VA, Walton Davis Morris, Jr., Charlottesville, VA, for plaintiff.

Timothy Ward Gresham and Stephen M. Hodges, Abingdon, VA, for defendant.

## MEMORANDUM OPINION AND ORDER

WILSON, District Judge.

■ This is a class action citizen suit for damages pursuant to 30 U.S.C. § 1270(f) by class representative Jo D. Molinary[1] ("Molinary") against defendant Powell Mountain Coal Company, Inc., d/b/a Wax Coal Company ("Wax Coal"). Molinary alleges that Wax Coal fraudulently obtained a mining permit to strip mine property, thus violating the Surface Mining Control and Reclamation Act of 1977[2] ("SMCRA"), its implementing regulations,[3] and the Virginia Coal Surface Mining Control and Reclamation Act of 1979[4] ("Virginia program"). The Court has jurisdiction pursuant to 30 U.S.C. § 1270(f). The action is before the court on Wax Coal's motion in limine requesting that the court articulate the method for determining the measure of damages. The court concludes that 30 U.S.C. § 1270(f) creates a federal right of action not only in states with federal programs, but in states with approved regulatory programs as well, that the remedy flows from the federal right of action, and

that absent conflict with federal policy state law should be borrowed for that purpose. The court declines to forecast a specific method for measuring damages because to do so would require a factually laden inquiry that can not be made on the present state of the record. Accordingly, the motion in limine will be denied.

### I.

In February 1990 Wax Coal applied to the Virginia Division of Mined Land Reclamation ("DMLR") for a permit to conduct surface coal mining operations in an area that included part of the Pruitt heirs tract. At that time Wax Coal owned 100% of the coal rights to the Pruitt heirs tract and an approximate .14% undivided interest in the surface estate. The remainder of the surface rights were owned by members of the class. In response to DMLR's request for information, Wax Coal allegedly listed "Pruitt Heirs" as the surface owners of the tract but failed to list the individual owners. Wax Coal also informed DMLR that no lease was required from the surface estate's other owners. Operating on that information, DMLR issued a permit to Wax Coal. Wax Coal then mined 4423.51 tons of clean coal by the auger mining method from the tract. It also hauled 12,321.70 tons of coal from other tracts across the Pruitt heirs tract.

In November 1990 DMLR determined that Wax Coal had acquired its permit in violation of the state permit requirements—specifically, that Wax Coal's right-of-entry documents failed to list all record owners. As a result, DMLR revoked Wax Coal's permit, issued a cessation order against Wax Coal, and ordered Wax Coal to reclaim the tract.[5] On January 16, 1991, Molinary filed the present suit under the SMCRA's citizen suit provisions, 30 U.S.C. § 1270(f), for alleged dam-

---

1. As class representative, Molinary represents the Susan Pruitt Cloud Land Trust, and other surface owners of a tract of land ("Pruitt heirs tract") in Lee County, Virginia.

2. 30 U.S.C. §§ 1201–1328.

3. 30 C.F.R. pts. 700–899.

4. Va.Code Ann. §§ 45.1–226 to –270.7 (Michie 1989).

5. The appeal of the revocation is currently pending in the Virginia court system, and this case has been held in abeyance at the request of the parties pending that review.

ages from Wax Coal's mining operation before the permit was revoked.

## II.

■ As this court has previously held, the SMCRA provides federal jurisdiction for citizen's suits under § 1270(f)[6] even in a state that has an approved regulatory program. *Molinary v. Powell Mtn. Coal Co.,* 779 F.Supp. 839 (W.D.Va.1991). Wax Coal contends that the court's earlier decision only held that there is federal jurisdiction over citizen suits in states with approved programs, not that § 1270(f) creates a federal right of action in those states. Although Wax Coal is technically correct, the court's rationale in its earlier decision foreshadows the conclusion that § 1270(f) also provides a federal right of action. In its earlier decision this court stated: "[i]t follows that once a state program is approved by the Secretary, the rules, regulations, orders, and permits issued under that program are issued, in the language of 30 U.S.C. § 1270(f), 'pursuant to' the SMCRA." *Id.* at 840. Therefore, a person who is damaged by a violation of a rule, regulation, order or permit issued pursuant to an approved state program has a federal right of action under § 1270(f). *But see Haydo v. Amerikohl Mining, Inc.,* 830 F.2d 494 (3d Cir.1987); *National Wildlife Fed'n v. Lujan,* 928 F.2d 453, 464 n. 1 (D.C.Cir.1991) (concurring opinion).[7]

## III.

■ As the Supreme Court has made clear, when there is a federal right of action the federal courts fashion an appropriate remedy based upon federal concerns:

> The question of what remedies are available under a statute that provides a private right of action is "analytically distinct" from the issue of whether such a right exists in the first place. Thus, although we examine the text and history of a statute to determine whether Congress intended to create a right of action, a right exists in the first place. Thus, although we examine the text and history of a statute to determine whether Congress intended to create a right of action, we presume the availability of all appropriate remedies unless Congress has expressly indicated otherwise. This principle has deep roots in our jurisprudence.
>
> . . . .
>
> ... The general rule, therefore, is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute.

*Franklin v. Gwinnett County Public Schools,* —— U.S. ——, ——, ——, 112 S.Ct. 1028, 1032, 1035, 117 L.Ed.2d 208 (1992) (citations omitted). *See also Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Sullivan v. Little Hunting Park,* 396 U.S. 229, 239, 90 S.Ct. 400, 405, 24 L.Ed.2d 386 (1969) ("[t]he existence of a statutory right implies the existence of all necessary and appropriate remedies"); *Bell v. Hood,* 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946). Since Congress has provided an

---

**6.** The statute provides in part:

> Any person who is injured in his person or property through the violation by any operator of any rule, regulation, order, or permit issued pursuant to this chapter may bring an action for damages....

30 U.S.C. § 1270(f) (1986).

**7.** As the court stated in its earlier opinion:

> Congress gave little, if any, substantive attention to state citizen suits. In delineating the requisites for an approved state program Congress did not even mention them. The closest Congress came was to require states seeking program approval to provide criminal or civil actions for "sanctions for violations of State laws, regulations or conditions or permits."

30 U.S.C. § 1253(a)(2). A civil action for damages is not an action for sanctions. It is inconceivable that having failed to mention state citizen suits for damages, Congress would have intended for them to play a central role—replacing federal citizen suits for damages.
*Molinary,* 779 F.Supp. at 841.

This does not mean that, practically speaking, state citizen suits do not *play* an important role. Indeed, Virginia has enacted a citizen suit provision that mirrors in all important respects § 1270(f). *See* Va.Code Ann. § 45.1–246.1.G. (Michie 1989). Although the court does not suggest that the Secretary of the Interior could not require a state seeking approval of its regulatory program to provide a concurrent forum for citizen suits, nothing in the SMCRA expressly required Virginia to adopt its citizen suit provision.

express federal right of action for violations of the SMCRA, this court may fashion appropriate relief.[8]

### IV.

 The fact that § 1270(f) provides a federal right of action does not mean that state law should not be consulted in fashioning an appropriate remedy. To the contrary, in determining an appropriate remedy it is entirely permissible to "borrow" or select state law. *See United States v. Little Lake Misere Land Co.*, 412 U.S. 580, 93 S.Ct. 2389, 37 L.Ed.2d 187 (1973). In the present context—an alleged violation of a rule, regulation, order or permit issued by Virginia—state law is the only logical starting point, and should be applied unless it conflicts with the purposes or policies of the SMCRA. *See United States v. Standard Oil Co.*, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947).

For the purposes of this motion the court will presume that Wax Coal's entry onto the surface estate belonging to the plaintiffs was willful.[9] Where a trespasser willfully trespasses onto another's land, the Virginia Supreme Court has permitted the landowner to pursue the action based on an implied promise to pay. *See Raven Red Ash Coal Co. v. Ball*, 185 Va. 534, 39 S.E.2d 231 (1946). In the words of the Virginia Supreme Court, there is an obligation "to pay the plaintiff the 'fair value of the benefits received' by [the defendant]." *Preston Mining Co. v. Matney*, 197 Va. 520, 90 S.E.2d 155, 158 (1955). Assuming that Molinary's allegations are true, and Molinary proves that Wax Coal acted willfully, the appropriate measure of damages might include any actual damage as well as any benefit Wax Coal derived from the unlawful use of the land. However, at this juncture, any determination as to how to measure that benefit would be premature. Moreover, on a fully developed factual record a more appropriate remedy might appear.

### IV.

Based on the foregoing, the court concludes that § 1270(f) creates a federal right of action in states with approved regulatory programs, that the remedy flows from the federal right of action, and that state law ordinarily should be borrowed for the purpose of determining the measure of damages. However, on the present record, a determination as to the exact method to measure damages would be premature.

Accordingly, it is **ORDERED** and **ADJUDGED** that Wax Coal's motion in limine is denied.

---

8. Federal law that merely allows the enactment of a state statute or regulation does not create a federally protected right. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Section 1270(f), however, creates a federal right of action.

9. Under Virginia law, "[e]very trespass is prima facie willful, and, the trespass being conceded or proven, the burden of proof is on the defendant" to show that it was not willful. *Wood v. Weaver*, 121 Va. 250, 92 S.E. 1001, 1003 (1917). *See also Payne v. Consolidation Coal Co.*, 607 F.Supp. 378 (W.D.Va.1985).