Alfred L. Goldson et al.

v.

Thomas Corpora et al.

April 26, 1999

Case No. CL 98-107

By Judge J. Michael Gamble

I am writing this letter to rule on a number of pretrial issues that have been raised in this case. First, I will rule on the request for reconsideration of the denial of the motion for summary judgment. In this regard, and after further review of the file, I grant to the plaintiffs summary judgment on the issue of liability for general damages resulting from the removal of the timber. A fair reading of the answers to the request for admissions, the response of the defendants to the motion for summary judgment, the answers to the interrogatories, and the representations of the parties at the earlier motions hearing establishes that, as a matter of law, summary judgment should be granted on the issue of liability for general damages.

I emphasize that this is a ruling only on the issue of liability. The plaintiffs still must prove their damages at the trial of this case. Further, it is not a ruling on liability for punitive damages. At this stage, there appears to be a genuine issue of fact as to whether or not punitive damages should be awarded. Based on the information at hand, the trier of fact will determine the issue of liability for punitive damages and, if punitive damages are found, the amount of the punitive damages.

Next, the plaintiffs ask the Court to reconsider the earlier ruling that treble damages cannot be recovered by the plaintiffs pursuant to the provisions of § 55-331 et seq. of the Code of Virginia. In this regard, I will not grant reconsideration of this issue. The plaintiffs have admitted that they have not complied with the procedure for the determination of damages under § 55-332

of Code of Virginia. Under this procedure, the plaintiffs must, within thirty days after discovery of the trespass, notify the trespasser of the trespass and appoint an experienced timber estimator to determine the amount of the damages. In this regard, the plaintiffs admit that a timber estimator was not appointed within the thirty day period. Accordingly, the plaintiffs have not complied with the statutory format and may not recover triple the amount of damages under § 55-334 of the Code of Virginia.

Next, the plaintiffs insist that the proceeds from the sale of the timber cut from their property be returned. While the plaintiffs vigorously argue for this relief, they cite the Court to absolutely no authority where such relief has been granted in a law action. The plaintiffs have filed this case on the common law side of the Court. An action for the return of money or property by an injunction or directive is purely an equity action which can only be addressed through a chancery case. Thus, the plaintiffs are seeking a chancery remedy in a case that has been filed purely as a law action. This Court knows of no controlling authority to grant the unusual relief requested by the plaintiffs. Accordingly, this relief is again denied.

The plaintiffs are seeking recovery of damages for emotional distress. The plaintiffs have not made any allegations in their motion for judgment for a recovery on the basis of infliction of emotional distress. Virginia established the cause of action for an infliction of emotional distress in the case of *Womack v. Eldridge*, 215 Va. 338, 210 S.E. 2d, 145 (1974). *Womack*, and the cases following *Womack*, set forth precise requirements for the tort action of infliction of emotional distress. The allegations in the motion for judgment of the plaintiffs meet none of the requirements for this cause of action. Additionally, there is no prayer in the *ad damnum* for a recovery of damages for infliction of emotional distress. At this late date, the plaintiffs will not be allowed to restyle their case as an emotional distress case when this cause of action has not been pleaded.

The plaintiffs are also seeking recovery for the replacement costs of the trees that they lost. This considerably affects the quantum of damages in this case. Plaintiffs have cited the Court to appellate decisions in some other states which appear to allow recovery of replacement costs and/or intrinsic value of trees or timber not grown for merchantable purposes. It appears that appellate courts in the states of Washington, Louisiana, Arkansas, Maryland, Wisconsin, Michigan, New Jersey, and possibly North Carolina allowed replacement costs of trees, particularly when the trees are ornamental or have intrinsic value to the owner other than merchantable timber. Virginia, however, has not extended recovery of damages to allow the replacement costs of trees. The defendants cite *Wood v. Weaver*, 121 Va. 250, 92 S.E. 1001

(1917), as controlling authority on the recovery for timber that has been removed. In *Wood v. Weaver*, the Court held that, in every trespass in the cutting of standing trees, the owner has the election to bring an action for damages for the diminished market value of the land or for the market value of the standing trees. 121 Va. at 258. The Court further notes that, if the trespass is not willful, the damage is the stumpage value of the trees, and if it is willful, the added value of the timber at the mill may also be added. *Wood v. Weaver*, 121 Va., at 258-59.

If the plaintiffs seek to recover for the diminished market value of the land, rather than the loss of the timber, then the measure of damages under Virginia law is the difference between the value of the land before the cutting and immediately after the cutting. *Wine v. Beach*, 194 Va. 601, 604, 74 S.E.2d 149 (1953); *Honaker Lumber Co. v. Kiser*, 134 Va. 50, 58, 113 S.E. 718 (1922).

Plaintiffs, in their briefs and the authorities submitted, make a compelling argument for recovery of replacement costs or intrinsic value of trees not used for merchantable purposes. While the Court has sympathy for this argument, the common law in Virginia has not been extended to allow this recovery.

It appears that the only approach by which replacement costs or intrinsic value of the trees could be incorporated into damages under Virginia law is to follow the approach of the State of North Carolina. A three judge panel in the Court of Appeals of North Carolina allowed replacement value where it was "a factor" in determining the diminished value of the land. *Lee v. Bir*, 116 N.C. App. 584, 591, 449 S.E.2d 34, 38 (1994). In order to follow this approach, the plaintiffs in the instant case would have to incorporate the replacement value of the trees, as testified by a nursery or landscaping expert, into the testimony of a real estate value expert on the diminished value of the real estate. The testimony of a nursery or landscaping expert alone would not be sufficient because it would not establish the value of the real estate immediately before the cutting and immediately after the cutting. However, a real estate expert could possibly incorporate these values.

Accordingly, I will not allow the testimony of a nursery expert or a landscaping expert alone to establish the replacement value of the trees. This must be incorporated into testimony of diminished value by a real estate expert.

## *Order*

The Court doth adjudge, order, and decree that the plaintiffs are granted summary judgment on the issue of liability for general damages against the defendants. The issue of the amount of general damages will be submitted to the jury for determination because there is a genuine issue of material fact on the amount of general damages.

The Court doth adjudge, order, and decree that the motion for summary judgment on the issue of punitive damages is denied. There is a genuine issue of material fact on the issue of punitive damages which should be submitted to the jury.

The Court doth adjudge, order, and decree that the motion in limine of the defendants to prevent the plaintiffs from presenting a claim for treble damages under § 55-331 *et seq.* of the Code of Virginia is sustained.

The Court doth adjudge, order, and decree that the motion in limine of the defendants to prevent the plaintiffs from presenting a claim for emotional distress is sustained.

The Court doth adjudge, order, and decree that the motion in limine to prevent the plaintiffs from presenting evidence of the replacement costs or intrinsic value of the trees removed is granted unless this evidence is presented in conjunction with evidence of diminished value of the real estate.

The Court doth adjudge, order, and decree that the request of the plaintiffs for the return of the money paid for the sale of the timber by the plaintiffs is denied.

The Court doth adjudge, order, and decree that the reasons for these rulings are set forth in the opinion letter of this Court dated April 26, 1999, which is incorporated into this Order by reference.

The respective objections of the parties to these rulings, as set forth in their briefs, is noted.

The Court doth adjudge, order, and decree that each party shall submit their written instructions to the Clerk of the Court by 5:00 o'clock p.m. on April 28, 1999.

Endorsement of the parties is waived pursuant to Rule 1:13 of the Rules of the Supreme Court of Virginia. A copy of this Order has been mailed to the parties or their counsel.